■ THOMAS PHELAN et al., Respondents, v TONI A. FERELLO et al., Respondents, and McDONALD's et al., Appellants. [616 NYS2d 655] —In a negligence action, the appeal is from an order of the Supreme Court, Suffolk County (Henry, J.), dated March 17, 1993, which denied the separate motions of the defendants Vanderbilt Shopping Center and Gordon & Jack, Ltd., and the defendant McDonald's for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with costs to the defendant-respondent Toni A. Ferello.

The plaintiffs seek to recover damages for personal injuries allegedly occurring when a car driven by the defendant Toni A. Ferello struck a brick wall of a McDonald's restaurant, while she was attempting to park her car. The plaintiffs assert, among other things, that the appellants Vanderbilt Shopping Center, Gordon & Jack, Ltd., and McDonald's were negligent in the construction and design of the subject building and parking area and in failing to properly guard patrons of McDonald's from known risks and dangers.

"Since summary judgment is the procedural equivalent of a trial, if there is any doubt as to the existence of a triable issue

or where a material issue of fact is 'arguable', summary judgment must be denied" *(Museums at Stony Brook v Village of Patchogue Fire Dept.,* 146 AD2d 572, 573). The engineering expert's affidavit submitted by the appellant McDonald's was insufficient to set forth evidentiary facts to establish McDonald's entitlement to summary judgment. The appellants failed to prove that the plaintiffs' allegations of defective design and construction are meritless. Moreover, there is a material issue of fact as to the foreseeability of the accident at issue so as to warrant the need for appropriate protective devices *(see, Arena v Ostrin,* 134 AD2d 306). Therefore, the appellants' motions for summary judgment were properly denied. Mangano, P. J., Bracken, Santucci and Friedmann, JJ., concur.