■ CARMELA RUGGIERO et al., Appellants, v WALDBAUMS SUPERMARKETS, INC., Respondent. [661 NYS2d 37] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Mastro, J.), dated June 11, 1996, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On January 31, 1993, at about 5:00 P.M., the injured plaintiff was shopping in a Waldbaums supermarket on Staten Island. When the injured plaintiff, who is 4 feet 11 inches tall, reached to get two six-packs of apple juice off the top shelf in the juice aisle, the six-packs fell and struck her in the forehead. At her deposition, the injured plaintiff testified that the cans were stacked on the top shelf in a "lopsided" or "uneven" manner and that she did not touch the shelf or the cans before they fell.

Contrary to the plaintiffs' contention, summary judgment was properly granted in favor of the defendant. Where, as here, there is no evidence that the store created a dangerous condition by stacking small juice cans on the top shelf or had actual notice that the cans were "lopsided", the plaintiffs must proceed on the theory of constructive notice. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" *(Gordon v American Museum of Natural History,* 67 NY2d 836, 837). Here, the evidence was equally as consistent with the conclusion that the injured plaintiff or another customer jostled the cans shortly before they fell. Thus, any finding that the cans were lopsided or unevenly stacked for any appreciable period of time would be mere speculation *(see, Rotunno v Pathmark,* 220 AD2d 570, 571; *Anderson v Klein's Foods,* 139 AD2d 904, 905, *affd* 73 NY2d 835).

Moreover, the Supreme Court was not required to submit this case to a jury on the theory of res ipsa loquitur. The submission of a case to a jury on the theory of res ipsa loquitur is warranted only when the plaintiff can establish the following three elements: " '(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff' "*(Ebanks v New York City Tr. Auth.,* 70 NY2d 621, 623, quoting Prosser, Torts § 39, at 218 [3d ed]). Here, the element of exclusive control is lacking. The store manager testified that the supermarket had been open for approximately 10 hours before the accident occurred. Inasmuch as the juice cans may have been dislodged by one or more prior shoppers, the plaintiffs failed to establish that the store had control "of sufficient exclusivity to fairly rule out the chance that the [alleged defect] was caused by some agency other than the defendant's negligence" *(Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 228; *see also, Raimondi v New York Racing Assn.,* 213 AD2d 708; *Fleischer v Melmarkets, Inc.,* 174 AD2d 647).

The report submitted by the plaintiffs' alleged expert did not raise any triable issues of fact. Ordinarily, the opinion of a qualified expert that a plaintiff's injuries were caused by a deviation from industry standards would preclude the granting of summary judgment in the defendant's favor *(Murphy v Conner,* 84 NY2d 969, 972). In the present case, however, there is

no indication that the plaintiffs' engineer had any training or experience in the supermarket industry or that he visited the site of the accident, nor did he relate a violation of any industry standard. Under these circumstances, his unsupported and conclusory statements regarding the height of the supermarket shelves and the store's stacking practices were insufficient to raise a genuine issue of material fact *(see, Van Alstyne v Fonda Refm. Church,* 224 AD2d 901, 902). O'Brien, J. P., Joy, Goldstein and Luciano, JJ., concur.