■ DEBRA A. HOFMANN, Appellant, v TOYS "R" US—NY LIMITED PARTNERSHIP, Respondent. [707 NYS2d 641] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 27, 1999, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was injured when she was struck by a box of diapers which she tried to remove from the top shelf of a diaper feed rack at one of the defendant's stores. She contends that the defendant created a dangerous condition by placing the boxes of diapers on the top shelf instead of on the floor and by failing to warn customers that they should not remove items from the top shelf or should request assistance to do so.

Contrary to the plaintiff's contention, the defendant established its entitlement to judgment as a matter of law. In opposition, the report submitted by the plaintiff's engineer did not raise any triable issue of fact with regard to the defendant's prima facie showing that no dangerous condition existed. To establish the reliability of an expert's opinion, the party offering that opinion must demonstrate that the expert possesses the requisite skill, training, education, knowledge, or experience to render the opinion (*see, Matott v Ward,* 48 NY2d 455; *see also, Kumho Tire Co. v Carmichael,* 526 US 137; *Daubert v Merrell Dow Pharms.,* 509 US 579). In the case at bar, the report of the plaintiff's expert recited that he is a licensed engineer, but no further information was offered to establish any specialized knowledge, experience, training, or education with regard to consumer shelving, package retrieval, or customer safety so as to qualify him as an expert. Moreover, the engineer's report failed to identify any violation of industrywide standards or accepted practices by the defendant. Therefore, the engineer's conclusions regarding the safety of the shelving and shelf-stocking practices of the defendant were insufficient to raise a genuine issue of material fact (*see, Ruggiero v Waldbaums Supermarkets,* 242 AD2d 268; *Mendes v Whitney-Floral Realty Corp.,* 216 AD2d 540). Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.