■ ANNIE NIXON, Respondent, v FOODTOWN MELMARKETS, INC., Defendant and Third-Party Plaintiff-Appellant. CLARE

Rose, Inc., Third-Party Defendant-Appellant. [712 NYS2d 413] —In an action to recover damages for personal injuries, (1) the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated December 9, 1999, as denied its motion for summary judgment dismissing the complaint and all counterclaims asserted against it, and (2) the third-party defendant separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with one bill of costs to the defendant third-party plaintiff and the third-party defendant, the motions are granted, and the complaint and the third-party complaint are dismissed.

The Supreme Court erred in denying the motions for summary judgment, as the plaintiff failed to demonstrate that either the defendant or the third-party defendant created or had actual or constructive knowledge of the condition which allegedly caused her accident (*see, Chaslon v Waldbaum, Inc.,* 266 AD2d 177; *Ruggiero v Waldbaums Supermarkets,* 242 AD2d 268). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.