■ BARBARA KOUTSOUKOS, Plaintiff, v GHULAM NOORZAI et al., Defendants. (Action No. 1.) GHULAM NOORZAI et al., Respondents, v BARBARA KOUTSOUKOS et al., Defendants, and MARIA LIVADITIS, Appellant. (Action No. 2.) [736 NYS2d 886] —In two related actions, inter alia, to recover damages for breach of contract, Maria Livaditis, a defendant in Action No. 2, appeals,

as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Leviss, J.H.O.), dated January 9, 2001, as, after a nonjury trial, awarded the plaintiffs in Action No. 2 the principal sum of $18,092.47.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Pursuant to a contract for the sale of a building, money was deposited into an escrow account to reimburse the purchasers, the plaintiffs in Action No. 2 (hereinafter the plaintiffs), for any expenses incurred after the closing of title to bring the building into compliance with all applicable codes. During the course of litigation, the Supreme Court determined that the plaintiffs would be entitled to the money held in escrow if, at a subsequent trial, they could establish the fair and reasonable value of the material, labor, and services expended to cure the code violations. At the subsequent trial, the Supreme Court determined that the plaintiffs established through expert testimony that they were entitled to reimbursement in the principal sum of $18,092.47 from the escrow account. One of the sellers, Maria Livaditis, a defendant in Action No. 2, now appeals.

The Supreme Court providently exercised its discretion in concluding that the plaintiffs' expert witness possessed the "requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable" (*Matott v Ward,* 48 NY2d 455, 459; *see, Hofmann v Toys "R" Us,* 272 AD2d 296). Accordingly, the Supreme Court's determination that the plaintiffs were entitled to an award in the principal sum of $18,092.47 should not be disturbed.

Livaditis's remaining contention is without merit. Altman, J.P., S. Miller, Cozier and Prudenti, JJ., concur.