■ DEBORAH C. MISHAAN et al., Respondents, v GREAT ATLANTIC & PACIFIC TEA Co. et al., Appellants. [742 NYS2d 880] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (M. Garson, J.), dated March 5, 2001, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On July 20, 1993, the plaintiff Deborah Cerami Mishaan was injured while shopping at the defendants' supermarket after she removed a 64-ounce glass bottle of apple juice from a display and the remaining bottles fell on her. According to the injured plaintiff, the display was approximately 10 feet high. According to the defendants' store manager, the bottles were stacked in cardboard cases cut in half to form a tray, which were stacked one on top of another. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion and we affirm.

To establish a prima facie case of negligence, "the plaintiff must demonstrate that the defendant created the condition which caused the accident, or that the defendant had actual or constructive notice of the condition" (*Bykofsky v Waldbaum's Supermarkets*, 210 AD2d 280, 281). In the instant case, the defendants' store manager also testified at a deposition that a "flash" was at the top of the subject display. According to the employee, the "flash" is a backboard leaning toward the wall at the end of the aisle with a piece of mason board underneath holding stacked items and a promotional sign, and is just for show. When asked about the "flash," he stated, "if you take from the top of the display, it will come down on you."

The plaintiffs submitted an affidavit from a qualified expert attesting that the display deviated from industry standards. The plaintiffs' expert, who has over 15 years experience in the supermarket industry, including responsibility for supermarket safety and maintenance, testified at a deposition that the customers' freedom to pull the bottles from all angles and heights increased the chance that the display would become unbalanced. He also testified that the cardboard cases were not properly reinforced and that the "flash" should have been beyond the reach of the customers.

Under such circumstances, the Supreme Court properly denied the defendants' motion for summary judgment (*see Ruggiero v Waldbaums Supermarkets,* 242 AD2d 268). Ritter, J.P., Goldstein, Luciano and Schmidt, JJ., concur.