■ ANNE MARUSEVICH, Appellant, v GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Respondent, et al., Defendant. [766 NYS2d 78] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), entered August 5, 2002, as granted the motion of the defendant Great Atlantic & Pacific Tea Company, Inc., for

summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was injured when she was struck by a six-pack of beer which fell from a shelf in a supermarket operated by the defendant Great Atlantic & Pacific Tea Company, Inc. (hereinafter A & P), as she attempted to remove another six-pack from the shelf. She subsequently commenced this action against, among others, A & P, contending that the six-packs of beer were improperly stacked on a high shelf.

The Supreme Court properly granted A & P's motion for summary judgment dismissing the complaint insofar as asserted against it. Contrary to the plaintiff's contention, A & P established its entitlement to judgment as a matter of law. In opposition to the motion, the plaintiff failed to raise a triable issue of fact. There is no evidence that a dangerous condition existed (*see Crawford v Pick Quick Foods,* 300 AD2d 431, 432 [2002]; *Hofmann v Toys "R" Us—NY Ltd. Partnership,* 272 AD2d 296 [2000]). Even if such a condition existed, there is no evidence that A & P created or had actual or constructive notice of such condition (*see Ruggiero v Waldbaums Supermarkets,* 242 AD2d 268 [1997]). Altman, J.P., Goldstein, Adams and Mastro, JJ., concur.