■ LEDYA ROSADO, Appellant, v HOME DEPOT, Respondent. [772 NYS2d 268]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered May 5, 2003, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and

Justice, entered August 25, 2003, which denied plaintiff's motion for reargument, unanimously dismissed, without costs.

According to plaintiff, she was injured while shopping in defendant's store when a laminated wood plank stacked unevenly in a pile of such planks offered for sale on shelving abutting an aisle in the store fell upon her. Inasmuch, however, as there is no direct evidence that defendant's employees themselves created the alleged hazard by precariously stacking the offending plank and no sufficient circumstantial basis to infer that defendant was responsible for the hazard's creation, since the stack of planks from which the offending plank fell was generally accessible to shoppers in defendant's large self-service store, and since there was no basis for an inference that defendant otherwise had either actual or constructive notice of the alleged hazard, the complaint was properly dismissed (*see Ruggiero v Waldbaums Supermarkets*, 242 AD2d 268 [1997]).

Plaintiff's motion nominally seeking both renewal and reargument of defendant's summary judgment motion was not supported by new facts unavailable at the time of the original motion and was thus, in its true aspect, merely a motion for reargument, the denial of which is not appealable (*see Lichtman v Mount Judah Cemetery*, 269 AD2d 319, 320 [2000]).

We have considered plaintiff's remaining argument and find it unavailing. Concur—Nardelli, J.P., Saxe, Lerner and Marlow, JJ.