VERONICA ROSEN et al., Respondents, v TANNING LOFT et al., Appellants. [791 NYS2d 641]—

In an action to recover damages for personal injuries, etc., the defendants separately appeal from an order of the Supreme Court, Richmond County (Lebowitz, J.), dated October 3, 2003, which denied their separate motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendant Sun Capsule/CMC, Inc., and substituting therefor a provision granting that motion; as so modified, the order is affirmed, with one bill of costs payable by the defendant Tanning Loft to the plaintiffs and one bill of costs payable by the plaintiffs to the defendant Sun Capsule/CMC, Inc., the complaint is dismissed insofar as asserted against the defendant Sun Capsule/CMC, Inc., and the action against the remaining defendant is severed.

The Supreme Court correctly denied the motion of the defendant Tanning Loft for summary judgment dismissing the complaint insofar as asserted against it. Here, Tanning Loft demonstrated the absence of any triable issue of fact with respect to the plaintiffs' negligence claims and made out a prima facie case for summary judgment (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). However, in opposition, the plaintiffs raised a triable issue of fact related to Tanning Loft's maintenance and operation of the tanning machine that allegedly caused injury to the plaintiff Veronica Rosen.

However, the Supreme Court erred in denying the motion of the defendant Sun Capsule/CMC, Inc. (hereinafter Sun Capsule) for summary judgment dismissing the complaint insofar as asserted against it. Contrary to the plaintiffs' contention, Sun Capsule established its entitlement to judgment as a matter of law. In opposition, the affidavit of the plaintiffs' engineer did not raise a triable issue of fact with regard to Sun Capsule's alleged negligence, or any defect in the design or manufacture of the tanning machine. To establish the reliability of an expert's opinion, the party offering that opinion must demonstrate that the expert possesses the requisite skill, training, education, knowledge, or experience to render the opinion (*see Matott v Ward,* 48 NY2d 455 [1979]; *Hofmann v Toys "R" Us—NY Ltd. Partnership,* 272 AD2d 296 [2000]). In the case at bar, the plaintiffs' engineer indicated that he is licensed, but he showed no specialized knowledge, experience, training, or education with regard to tanning equipment so as to qualify him as an expert in the area. Moreover, he failed to identify any violation of industry-wide standards or accepted practices by Sun Capsule. Therefore, the conclusions of the plaintiffs' engineer regarding the safety of the tanning machine were insufficient to raise a triable issue of fact with respect to Sun Capsule's liability (*see Hofmann v Toys "R" Us—NY Ltd. Partnership, supra*; *Ruggiero v Waldbaums Supermarkets,* 242 AD2d 268 [1997]). The remainder of the plaintiffs' proof was insufficient to establish a triable issue of fact with respect to Sun Capsule. Therefore, the Supreme Court should have granted Sun Capsule's motion for summary judgment.

The defendants' remaining contentions either are academic in light of our determination or without merit. H. Miller, J.P., Cozier, S. Miller and Fisher, JJ., concur.