■ Marie Pizzimenti et al., Appellants, v Cathie Henn et al., Defendants, and Tops Markets, Inc., Doing Business as Wilson Farms, et al., Respondents. [791 NYS2d 240]—

Appeal from a judgment (denominated order and judgment)

of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J., for Amy J. Fricano, J.), entered January 20, 2004. The judgment granted the motion of defendants Tops Markets, Inc., doing business as Wilson Farms, Nathan Benderson, Ronald Benderson and David H. Baldauf, as trustees under a trust agreement dated September 22, 1993, known as Randall Benderson 1993-1 Trust, and Benderson Development Company, Inc. for summary judgment dismissing the complaints against them.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Marie Pizzimenti (plaintiff) was injured when she was struck by a vehicle driven by defendant Cathie Henn and owned by defendant David Henn as plaintiff exited a Wilson Farms convenience store on Pine Avenue in Niagara Falls. Plaintiff's mother, Catherine A. Ricotta, was struck and killed by the same vehicle. Cathie Henn ultimately pleaded guilty to vehicular manslaughter in the second degree, admitting that she was intoxicated at the time of the incident. Plaintiffs commenced this action against the Henns, as well as defendants Tops Markets, Inc., doing business as Wilson Farms, Nathan Benderson, Ronald Benderson and David H. Baldauf, as trustees under a trust agreement dated September 22, 1993, known as the Randall Benderson 1993-1 Trust, and Benderson Development Company, Inc. (collectively, Tops). Plaintiffs contend that Tops failed to provide a safe method of ingress and egress to the store and that Tops failed to take adequate precautions to prevent motor vehicles from coming into contact with pedestrians.

Tops moved for summary judgment dismissing the complaints against it. In support of the motion Tops submitted, inter alia, excerpts from various deposition transcripts establishing that David Henn had run numerous errands with Cathie Henn and their children prior to stopping at the Wilson Farms store. While David was in the store, Cathie apparently turned the vehicle on, leaned over from the passenger seat and accelerated the vehicle across the parking lot into the front door of the store, striking plaintiff and Ricotta.

In opposition to the motion, plaintiffs submitted the deposition testimony of various employees of Wilson Farms in the Western New York region, who testified that there were other incidents of vehicles driving into the front or side of other Wilson Farms stores. None of those incidents involved this store. Plaintiffs also submitted an affidavit of a professional engineer, who averred that the incident could have been prevented by the placement of bollards.

We conclude that Supreme Court properly granted the motion of Tops for summary judgment dismissing the complaints against it. Tops met its initial burden of establishing its entitlement to summary judgment by establishing that it complied with the relevant building codes and that it was unforeseeable that an intoxicated person would drive a vehicle into the store. A possessor of land such as Tops cannot be held to a duty to take protective measures on behalf of a visitor unless it either knows or has reason to know from past experience that there is likelihood of conduct on the part of third persons that is likely to endanger the safety of the visitor (*see Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519 [1980]). Plaintiffs did not produce any evidence of prior incidents of vehicles striking pedestrians or the building at this store, and we are not persuaded that incidents at other Wilson Farms stores sufficiently put Tops on notice that it needed to take additional precautions at this store.

In *Grandy v Bavaro* (134 AD2d 957 [1987], *lv denied* 71 NY2d 802 [1988]), we held that, although owners and lessees of convenience stores have a duty to use reasonable care under the circumstances, that duty did not require them to "guard against the unforeseeable risk that a car driven by an inexperienced driver will jump the curb and strike a pedestrian" (*id.* at 958). We further held that, even if there was a duty to demarcate the sidewalk from the parking lot and warn drivers and pedestrians, the failure to do so "was not a proximate cause of the accident. The accident occurred, not because of the driver's inability to perceive the sidewalk or to recognize the dangers of driving over it, but because the driver was unable to control her vehicle. Thus, the cause of the accident is completely unrelated to the acts of negligence alleged by plaintiff" (*id.*). We see no reason to deviate from that holding in this instance. Present—Green, J.P., Scudder, Gorski, Martoche and Pine, JJ.