■ ANDREA M. FULLER et al., Appellants, v FRANK D. MARCELLO et al., Defendants, and DAVID W. HOFFMAN et al., Respondents. (Appeal No. 1.) [794 NYS2d 218]—

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered November 19, 2003. The order, insofar as appealed from, granted the motion of defendants David W. Hoffman and David W. Hoffman and Amy E. Hoffman, trustees of the 1997 Hoffman Family Living Trust, for summary judgment dismissing the complaint against them.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion of defendants David W. Hoffman and David W. Hoffman and Amy E. Hoffman, trustees of the 1997 Hoffman Family Living Trust, is denied in part and the complaint against those defendants is reinstated.

Memorandum: Plaintiffs commenced this action seeking damages for personal injuries suffered by Andrea M. Fuller (plaintiff) when defendant Frank D. Marcello inadvertently drove his car into the pedestrian area of Billy Bob's restaurant (restaurant), knocking over a support pole of the restaurant's awning and causing the pole to strike plaintiff. In appeal No. 1, plaintiffs appeal from an order that, inter alia, granted the motion of defendants David W. Hoffman and David W. Hoffman and Amy E. Hoffman, trustees of the 1997 Hoffman Family Living Trust (Hoffman Trust), the owners of the restaurant, for summary judgment dismissing plaintiffs' complaint against them. In appeal No. 2, plaintiffs appeal from an order that, inter alia, granted the motion of defendant Pino Restaurant, Inc., doing business as Billy Bob's (Pino), the operator of the restaurant, for summary judgment dismissing their complaint against it.

Hoffman Trust and Pino (defendants) argued that, even if there was any negligence on their respective parts, Marcello's negligence was the intervening, superseding cause of the ac-

cident. In support of their motions, defendants submitted the deposition testimony of Marcello that, on the day of the accident, he parked his vehicle directly in front of the restaurant, where he bought an ice cream cone, returned to his car and ate the ice cream. Marcello then turned the car on and shifted the car into reverse, but, instead of moving backward, the car "shot forward" and hit the pole that struck plaintiff.

In opposition to the motions, plaintiffs offered the expert affidavit of an engineer who opined that the restaurant was constructed and maintained in a deficient manner in that six-inch wheel stop barriers that were installed in other areas of the parking lot were not installed in front of the walk-up window. Plaintiffs also offered the affidavit of a safety engineer who opined that the owners and operator of the restaurant were negligent in that they failed to erect or place appropriate barriers and/or devices, in particular, concrete wheel blocks or stops, so as to protect pedestrian patrons from inadvertent vehicle traffic.

Supreme Court erred in granting defendants' motions for summary judgment dismissing plaintiffs' complaint. Although defendants established their entitlement to judgment in the original instance by submitting the testimony of Marcello, plaintiffs raised an issue of fact warranting denial of the motions by offering the affidavits of two experts that the condition of the property was deficient.

The duty imposed upon owners and lessees of commercial property is to use "reasonable care under the circumstances, considering the likelihood of injury, the seriousness of injury, and the burden of avoiding the risk" (*Marcroft v Carvel Corp.*, 120 AD2d 651, 651 [1986], *lv denied* 68 NY2d 609 [1986]; *see also Kush v City of Buffalo*, 59 NY2d 26, 29-30 [1983]; *Basso v Miller*, 40 NY2d 233, 241 [1976]). Although it has been held that the act of a car coming through a storefront window constitutes an "intervening act which was extraordinary, and not normally foreseeable" (*Marcroft*, 120 AD2d at 652; *see also Pizzimenti v Henn*, 16 AD3d 1070 [2005]), and a car jumping a curb in a parking lot and striking a pedestrian has also been held unforeseeable (*see Grandy v Bavaro*, 134 AD2d 957, 958 [1987], *lv denied* 71 NY2d 802 [1988]), the Marcello vehicle did not come through a window or jump a curb before striking the support pole of the restaurant. Instead, it proceeded unimpeded from the parking lot to an adjacent area designed for pedestrians to gather in order to patronize the restaurant. Because there were no wheel blocks or other barriers installed in front of the restaurant, plaintiffs raise an issue of fact whether a vehicle

entering the pedestrian area of the restaurant was foreseeable. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Lawton, JJ.