■ ANNE CALDWELL, Appellant, v PATHMARK STORES, INC., et al., Respondents, et al., Defendants. [816 NYS2d 514]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), entered January 14, 2005, as granted the separate motions of the defendants Pathmark Stores, Inc., and Grand Distributors, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff allegedly sustained injuries when she was struck by falling objects as she reached for a soda case located on a Pepsi display in a supermarket owned by the defendant Pathmark Stores, Inc. (hereinafter Pathmark). Although the plaintiff neither saw what fell upon her, nor observed any soda cases on the ground after the incident, she believed she was hit by two soda cases from the display. In the lawsuit commenced against, among others, Pathmark and Grand Distributors, Inc. (hereinafter Grand), the plaintiff alleged that these defendants created a dangerous condition by their assemblage and maintenance of the soda case display.

To establish a prima facie case of negligence, a plaintiff must "demonstrate the existence of a dangerous or defective condition that caused her injuries, and that the defendants either created or had actual or constructive notice of that condition" (*Crawford v Pick Quick Foods,* 300 AD2d 431, 432 [2002]; *see also Ruggiero v Waldbaums Supermarkets,* 242 AD2d 268 [1997]). In support of their respective motions for summary judgment, Pathmark and Grand presented prima facie evidence that no dangerous condition existed. In opposition, the plaintiff failed to raise a triable issue of fact (*see Marusevich v Great Atl. & Pac. Tea Co.,* 309 AD2d 839 [2003]). Accordingly, the Supreme Court properly granted the separate motions of Pathmark and Grand for summary judgment dismissing the complaint and all cross claims insofar as asserted against them (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Prudenti, P.J., Santucci, Krausman and Dillon, JJ., concur.