■ WILLIAM MCALLISTER, Respondent, v RAYMOND CORPORATION et al., Appellants. [827 NYS2d 705]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Rockland County (Garvey, J.), dated October 24, 2005, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff William McAllister was injured while attempting to drive a forklift measuring 118 inches in height through a doorway measuring only 108 inches in height, causing the 1,700 pound industrial battery he was transporting to roll onto and crush his right leg and foot. The forklift was manufactured by the defendant Raymond Corporation and distributed by the defendant Womack Material Handling Systems, Inc. (hereinafter collectively the defendants).

The claim of breach of warranty should have been dismissed as time-barred (see Uniform Commercial Code § 2-725 [1], [2]; *Heller v U.S. Suzuki Motor Corp.,* 64 NY2d 407, 411-412 [1985]).

The claim that the forklift was defectively designed also should have been dismissed. The defendants established prima facie their entitlement to judgment as a matter of law, and the plaintiff failed to raise a triable issue of fact as to whether the defendants marketed a product which was not reasonably safe and whether its defective design was a substantial factor in causing the plaintiff's injury (see *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 107 [1983]; *Vannucci v Raymond Corp.,* 258 AD2d 198, 200 [1999]).

The plaintiff's expert, a licensed engineer, failed to identify any violation of industry-wide standards or accepted practices (see *Rosen v Tanning Loft,* 16 AD3d 480, 481 [2005]; *Bova v Caterpillar, Inc.,* 305 AD2d 624, 625-626 [2003]; *Geddes v Crown Equip. Corp.,* 273 AD2d 904, 905 [2000]). Therefore, the conclusions of the plaintiff's engineer in his affidavit regarding the safety of the forklift were insufficient to raise a triable issue of

fact with respect to the defendants' liability (*see Rosen v Tanning Loft, supra*).

The remainder of the plaintiff's proof, including evidence that the defendants were aware of a prior forklift accident involving the same doorway, was insufficient to raise a triable issue of fact as to the plaintiff's failure-to-warn claims sounding in strict products liability and negligence. Crane, J.P., Skelos, Lifson and Dillon, JJ., concur.