VIRGINIA S. PAUL, Appellant, v DAVID G. COOPER, as Administrator of the Estate of ERNEST R. COOPER, Deceased, Defendant, and UNITED REFINING HOLDINGS, INC., Doing Business as KWIK FILL GAS STATION, et al., Respondents. [845 NYS2d 905]—

Appeal from an order of the Supreme Court, Monroe County (David D. Egan, J.), entered May 23, 2006 in a personal injury action. The order, insofar as appealed from, granted that part of the motion of defendants United Refining Holdings, Inc., doing business as Kwik Fill Gas Station, United Refining Company of Pennsylvania, United Refining Co., and United Refining, Inc. for summary judgment dismissing the complaint against them.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied in part and the complaint against defendants United Refining Holdings, Inc., doing business as Kwik Fill Gas Station, United Refining Company of Pennsylvania, United Refining Co., and United Refining, Inc. is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she was struck by a motor vehicle operated by Ernest R. Cooper (decedent). At the time of the accident, plaintiff's vehicle was parked in front of a Kwik Fill Gas Station, owned and operated by defendants-respondents (defendants), and plaintiff was putting air into one of the tires. Decedent struck plaintiff as he was backing out of an alley located on the side of the building where the air pump was attached. In her complaint, plaintiff alleged that defendants were negligent in, inter alia, "permitting a dangerous and defective condition to exist; in failing to warn [her] of said dangerous and defective condition; in failing to properly maintain the . . . parking lot; in failing to properly and safely lay out and mark the . . . parking lot; [and] in placing the air pump in an improper and unsafe location upon said premises." We conclude that Supreme Court erred in granting that part of the motion of defendants for summary judgment seeking dismissal of plaintiff's "claims" against them.

Contrary to the contention of defendants, plaintiff may contend for the first time on appeal that they failed to meet their initial burden on the motion inasmuch as plaintiff is raising an issue of law that "could not have been avoided by [defendants] if brought to [their] attention in a timely manner" (*Oram v Capone*, 206 AD2d 839, 840 [1994]). It is well established that the failure of a party to meet its initial burden necessitates denial of the motion "regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Defendants' reply papers could not serve to supplement their initial moving papers inasmuch as it is well established that " '[t]he function of [reply papers] is to address arguments made in opposition to the position taken by the movant[s] and not to permit [them] to introduce new arguments in support of the motion' " (*Seefeldt v Johnson*, 13 AD3d 1203, 1203-1204 [2004]).

On the merits, we conclude that defendants failed to meet their initial burden of establishing their entitlement to judgment as a matter of law. To the extent that they contended that the parking lot was not improperly designed and that the air

pump was not negligently placed, we conclude that they failed to meet their initial burden on the motion by submitting the affidavit of defendants' expert. First, the expert indicated in his affidavit only that he is a professional engineer, "but no further information was offered to establish any specialized knowledge, experience, training, or education" with respect to the relevant subject matter (*Hofmann v Toys "R" Us, NY Ltd. Partnership,* 272 AD2d 296 [2000]; *see O'Boy v Motor Coach Indus., Inc.,* 39 AD3d 512, 513-514 [2007]; *Rosen v Tanning Loft,* 16 AD3d 480 [2005]). Second, defendants' expert based his conclusions and opinion on a document that was "not established as authoritative with respect to the standard of care" in the field (*Jones v County of Niagara,* 15 AD3d 1002, 1004 [2005]; *see also Merino v New York City Tr. Auth.,* 89 NY2d 824 [1996]).

To the extent that defendants contended in support of their motion that the sole proximate cause of the accident was decedent's negligent driving and that the accident was not reasonably foreseeable, we further conclude that defendants failed to meet their initial burden. "Questions concerning foreseeability and proximate cause are generally questions for the jury" (*Peevey v Burgess,* 192 AD2d 1115, 1116 [1993]; *see Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579, 585 [1994]; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315 [1980], *rearg denied* 52 NY2d 784, 829 [1980]; *Little v City of Syracuse* [appeal No. 4], 258 AD2d 899 [1999]). Based on the submissions of defendants, we conclude that there are issues of fact whether the allegedly defective design of the parking lot and the allegedly negligent placement of the air pump were proximate causes of the accident and whether the accident itself was foreseeable (*see e.g. Fuller v Marcello,* 17 AD3d 1017, 1018-1019 [2005]; *Phelan v Ferello,* 207 AD2d 874 [1994]; *Arena v Ostrin,* 134 AD2d 306 [1987]; *cf. Pizzimenti v Henn,* 16 AD3d 1070, 1072 [2005], *lv denied* 5 NY3d 713 [2005]; *Grandy v Bavaro,* 134 AD2d 957, 958 [1987], *lv denied* 71 NY2d 802 [1988]).

Based on our determination, we do not address plaintiff's remaining contention. Present—Scudder, P.J., Hurlbutt, Smith, Fahey and Pine, JJ.