# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**378**

**CA 10-01589**

PRESENT: CENTRA, J.P., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

DAVID F. STEVER, PLAINTIFF-RESPONDENT,

V                                                MEMORANDUM AND ORDER

HSBC BANK USA, N.A., HSBC PAYMENT SERVICES
(USA), INC., HSBC NORTH AMERICA HOLDINGS, INC.,
HSBC USA, INC., DEFENDANTS-APPELLANTS,
AND ASSET REALTY, LLC, DEFENDANT.

---

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (MICHELLE M. DAVOLI OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

COTE, LIMPERT & VAN DYKE, LLP, SYRACUSE (JOSEPH S. COTE, III, OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County
(Anthony J. Paris, J.), entered April 14, 2010 in a personal injury
action.  The order, among other things, denied the motion of
defendants HSBC Bank USA, N.A., HSBC Payment Services (USA), Inc.,
HSBC North America Holdings, Inc., and HSBC USA, Inc. for summary
judgment dismissing plaintiff's complaint against them.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted
and the complaint against defendants-appellants is dismissed.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries he allegedly sustained when he drove his vehicle into a light
stanchion in a parking lot controlled by defendants-appellants
(collectively, HSBC defendants).  We agree with the HSBC defendants
that Supreme Court erred in denying their motion for summary judgment
dismissing the complaint against them.  We note at the outset that, as
limited by their brief on appeal, they have abandoned any issue with
respect to their request for alternative relief concerning plaintiff's
supplemental bill of particulars and further discovery by them (*see
Ciesinski v Town of Aurora*, 202 AD2d 984).

In support of the motion, the HSBC defendants submitted the
affidavit of an architect experienced in the design of parking lots
who inspected the parking lot in question and concluded that the
placement of the light stanchions within was not defective, "that the
amount of light provided by the stanchions offered adequate lighting
for the . . . parking lot," and that the parking lot and the light
stanchions were properly designed.  We conclude that the HSBC

defendants met their initial burden on the motion by the submission of that affidavit (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

In opposition to the motion, plaintiff submitted the affidavit of a licensed engineer who opined that the subject light stanchion, which was modified following the accident, was unsafe at the time of the accident. That engineer, however, "failed to present evidence that he had any practical experience with, or personal knowledge of, [either stanchions or parking lots] such as [those] at issue here, nor did [he] demonstrate such personal knowledge or experience with [stanchion or parking lot design] in general" (*O'Boy v Motor Coach Indus., Inc.*, 39 AD3d 512, 514). Indeed, although he recited in his affidavit "that he is a licensed engineer, . . . no further information was offered to establish any specialized knowledge, experience, training, or education with regard to [the relevant subject matter] so as to qualify him as an expert" (*Hofmann v Toys "R" Us, NY Ltd. Partnership*, 272 AD2d 296; *see Paul v Cooper*, 45 AD3d 1485, 1486-1487; *cf. Bickom v Bierwagen*, 48 AD3d 1247, 1247-1248). Consequently, we conclude that the conclusions of plaintiff's engineer were insufficient to raise a triable issue of fact in this design defect case (*see generally Zuckerman*, 49 NY2d at 562).

We further conclude that there is no merit to plaintiff's contention that the court properly denied the motion because there is an issue of fact whether the HSBC defendants are liable for failing to remedy or warn of a dangerous condition, i.e., the dark color of the stanchion into which plaintiff drove his vehicle. "It is well established that [an entity that controls certain property] is liable for a dangerous or defective condition on [that] property when [the entity] created the condition or had actual or constructive notice of it and a reasonable time within which to remedy it" (*Pommerenck v Nason*, 79 AD3d 1716, 1716 [internal quotation marks omitted]; *see Clifford v Woodlawn Volunteer Fire Co., Inc.*, 31 AD3d 1102, 1103). Here, there is no indication in the record that the HSBC defendants created the allegedly dangerous or defective condition. In addition, those defendants established in support of their motion that they had neither actual nor constructive notice of that condition and a reasonable time in which to remedy it (*see McKee v State of New York*, 75 AD3d 893, 895), and plaintiff failed to raise a triable issue of fact in opposition (*see generally Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838).

Entered: March 25, 2011

Patricia L. Morgan
Clerk of the Court