■ Marcial Garcia, Appellant, v Superior Crane Rental, Inc., Respondent, et al., Defendant (And a Third-Party Action.) [944 NYS2d 622]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.),

entered November 17, 2010, as granted the motion of the defendant Superior Crane Rental, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, who had been working in the tree industry for several years, was an employee of Almstead Tree & Shrub Care Company, LLC (hereinafter Almstead). The defendant City of Yonkers hired Almstead to remove a dead elm tree located on a residential street. Thereafter, Almstead sent a three-person team for the job, including the plaintiff, and subcontracted with the defendant Superior Crane Rental, Inc. (hereinafter Superior Crane), to assist with the removal of the tree. On the day of the accident, the plaintiff positioned a wood chipper, used to chip branches and limbs, directly under the tree to be cut down. While the plaintiff was feeding a branch that had been lowered by the crane into the chipper, another branch fell from the tree and struck him, rendering him a paraplegic. Subsequently, the plaintiff commenced this action against Superior Crane and the City of Yonkers. As relevant here, following depositions, Superior Crane moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court, inter alia, granted the motion.

Superior Crane met its prima facie burden of establishing its entitlement to judgment as a matter of law by submitting the sworn deposition testimony of various witnesses, including the crane operator, the plaintiff's coworker, and a nonparty eyewitness to the accident. These witnesses testified that the crane did not touch the tree at any time before the subject branch fell and injured the plaintiff. The affidavit of the plaintiff's expert, submitted in opposition, was speculative and conclusory. Not only did the expert lack the qualifications to opine on crane operation, but he failed to specify how the crane operator acted improperly and, thus, his affidavit was insufficient to raise a triable issue of fact with respect to Superior Crane's liability (*see Rosen v Tanning Loft*, 16 AD3d 480 [2005]).

Accordingly, the Supreme Court properly granted Superior Crane's motion for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Hall, Lott and Austin, JJ., concur.