In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated December 7, 2012, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff allegedly sustained personal injuries when cases of canned cat food which were stacked up in the aisle of the defendant’s supermarket fell on her. The plaintiff thereafter commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending that it did not create a hazardous condition or have actual or constructive notice of a hazardous condition. The Supreme Court granted the motion.
The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not create a hazardous condition when it stacked the cases of canned cat food or have actual or constructive notice of a hazardous condition (see Caldwell v Pathmark Stores, Inc., 29 AD3d 847 [2006]; Crawford v Pick Quick Foods, 300 AD2d 431 [2002]; Ruggiero v *743 Waldbaums Supermarkets, 242 AD2d 268 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff failed to show that her expert, a registered architect, was qualified to provide expert evidence in this case (see Houck v Simoes, 85 AD3d 967 [2011]; Hofmann v Toys “R” Us, NY Ltd. Partnership, 272 AD2d 296 [2000]). In any event, the expert’s assertions were speculative and conclusory, and thus, insufficient to raise a triable issue of fact (see Hofmann v Toys “R” Us, NY Ltd. Partnership, 272 AD2d 296 [2000]; Ruggiero v Waldbaums Supermarkets, 242 AD2d 268 [1997]). Accordingly, the Supreme Court properly granted the defendant’s motion for summary judgment dismissing the complaint. Hall, J.E, Austin, Sgroi and Duffy, JJ., concur.