Hokenson v Sears, Roebuck & Co. (2018 NY Slip Op 01845)





Hokenson v Sears, Roebuck & Co.


2018 NY Slip Op 01845


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1536 CA 17-00619

[*1]JOHN HOKENSON, PLAINTIFF-APPELLANT,
v
SEARS, ROEBUCK AND CO., DEFENDANT-RESPONDENT. 






ELLIOTT STERN CALABRESE, LLP, ROCHESTER (DAVID S. STERN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BARCLAY DAMON, LLP, ROCHESTER (SANJEEV DEVABHAKTHUNI OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (William K. Taylor, J.), entered December 12, 2016. The order granted the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained when he fell from a ladder that was manufactured in 1972 and sold by defendant. Plaintiff asserted causes of action for negligence and strict products liability predicated on design defect, manufacturing defect, and failure to warn. Defendant moved for summary judgment dismissing the complaint, and Supreme Court granted the motion. We affirm.
Initially, we note that, on appeal, plaintiff has not challenged the dismissal of his failure to warn claim, and plaintiff has therefore abandoned any contentions with respect thereto (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). Furthermore, to the extent that plaintiff relies on the doctrine of res ipsa loquitur, that issue is not properly before us inasmuch as plaintiff has raised it for the first time on appeal (see id. at 985).
We conclude that the court properly granted the motion with respect to the remainder of the complaint, i.e., the negligence cause of action and the strict products liability cause of action to the extent that it is predicated on design and manufacturing defects in the ladder (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Defendant met its initial burden by establishing through the affidavit of its expert that the ladder was not defective, met all applicable industry standards for safety, and was reasonably safe for its intended use when it was manufactured (see Preston v Peter Luger Enters., Inc., 51 AD3d 1322, 1323-1326 [3d Dept 2008]; McArdle v Navistar Intl. Corp, 293 AD2d 931, 932 [3d Dept 2002]; Steinbarth v Otis El. Co., 269 AD2d 751, 752 [4th Dept 2000]). As noted by the court, the expert affidavit submitted by plaintiff in opposition failed to establish that the expert was qualified to render an opinion with respect to the alleged manufacturing and/or design defects of the ladder. "An expert is qualified to proffer an opinion if he or she is possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable' " (O'Boy v Motor Coach Indus., Inc., 39 AD3d 512, 513-514 [2d Dept 2007]). Here, plaintiff's expert established that he was an occupational safety and health consultant, but he " failed to present evidence that he had any practical experience with, or personal knowledge of, [ladders] such as [the one] at issue here, nor did [he] demonstrate such personal knowledge or experience with [ladder manufacture or design] in general' " (Stever v HSBC Bank USA, N.A., 82 AD3d 1680, 1681 [4th Dept 2011], lv denied 17 NY3d 705 [2011]). Consequently, we conclude that the affidavit of plaintiff's expert was insufficient to raise a triable issue of fact (see id.).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court