Farnham v MIC Wholesale Ltd (2019 NY Slip Op 07178)





Farnham v MIC Wholesale Ltd


2019 NY Slip Op 07178


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


876 CA 19-00345

[*1]TIMOTHY J. FARNHAM, PLAINTIFF-RESPONDENT,
v
MIC WHOLESALE LTD, SHUWEN ZHANG, DEFENDANTS, AND MANHEIM AUTO AUCTION, DEFENDANT-APPELLANT. 






CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP, FARMINGDALE (GARY E. DVOSKIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
DOLCE PANEPINTO, P.C., BUFFALO (EDWARD L. SMITH, III, OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), entered April 9, 2018. The order denied the motion of defendant Manheim Auto Auction for summary judgment dismissing all claims against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained at an automobile auction facility owned and operated by Manheim Auto Auction (defendant) in Manheim, Pennsylvania. Defendant's property consisted of a large parking lot, where thousands of vehicles were parked, as well as several buildings, including an "auction building." During the auction process, each vehicle for sale was assigned a parking spot in the lot and, when it was time to auction off the vehicle, a driver drove it down a marked traffic lane in the parking lot and into the auction building. According to plaintiff, who regularly attended defendant's auctions, he was standing at the end of one of the lanes in a clearly marked "safety area" waiting for a particular vehicle to be auctioned when he was struck by a vehicle that was owned by defendant MIC Wholesale LTD (MIC) and operated by MIC's employee, defendant Shuwen Zhang. Plaintiff settled the action against MIC and Zhang, and the case proceeded against defendant. Defendant appeals from an order denying its motion for summary judgment dismissing the complaint against it, and we affirm.
Contrary to defendant's contention, New York law controls the resolution of its motion and this appeal. "[B]ecause New York is the forum state, i.e., the action was commenced here, New York's choice-of-law principles govern the outcome of this matter' " (Burnett v Columbus McKinnon Corp., 69 AD3d 58, 60 [4th Dept 2009]). "The first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved" (Matter of Allstate Ins. Co. [Stolarz - - New Jersey Mfrs. Ins. Co.], 81 NY2d 219, 223 [1993]). Here, defendant failed to establish the existence of any conflict between New York and Pennsylvania law with respect to the issues raised in the motion, and therefore we need not engage in any choice of law analysis (see Portanova v Trump Taj Mahal Assoc., 270 AD2d 757, 759-760 [3d Dept 2000], lv denied 95 NY2d 765 [2000]; McCarthy v Coldway Food Express Co., 90 AD2d 459, 460-461 [1st Dept 1982]).
Regarding the merits, we reject defendant's contention that it met its initial burden of establishing as a matter of law that it was not negligent (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). It is well established that, "[b]ecause a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]). "It is beyond dispute that landowners and business proprietors have a duty to [*2]maintain their properties in [a] reasonably safe condition" (Di Ponzio v Riordan, 89 NY2d 578, 582 [1997]). Here, although defendant submitted an affidavit of a professional engineer who opined that the "design and traffic controls utilized in the subject parking lot in the vicinity of the incident were appropriate and consistent with the state of the practice," it is well settled that "compliance with industry standards . . . does not establish as a matter of law that such defendant was not negligent" (Hayes v Texas Roadhouse Holdings, LLC, 100 AD3d 1532, 1532-1533 [4th Dept 2012]; see Miner v Long Is. Light. Co., 40 NY2d 372, 380-381 [1976]; Belsinger v M & M Bowling & Trophy Supplies, Inc., 108 AD3d 1041, 1042 [4th Dept 2013]). Furthermore, while the expert indicated in his affidavit that he is a senior project engineer, he provided no "further information . . . to establish any specialized knowledge, experience, training, or education with respect to the relevant subject matter" in this case, i.e., parking/auction lot design (Paul v Cooper, 45 AD3d 1485, 1487 [4th Dept 2007] [internal quotation marks omitted]; see Stever v HSBC Bank USA, N.A., 82 AD3d 1680, 1681 [4th Dept 2011], lv denied 17 NY3d 705 [2011]). To the extent that defendant claims there was a lack of actual or constructive notice of the alleged defective design of the premises, we conclude that defendant failed to establish that it did not create the condition (see Hayes, 100 AD3d at 1534). "Actual or constructive notice of a defective condition is not required where defendant[] created the dangerous condition" (id.).
We similarly reject defendant's contention that the actions of Zhang were the sole proximate cause of the accident. "Typically, the question of whether a particular act of negligence is a substantial cause of the plaintiff's injuries is one to be made by the factfinder, as such a determination turns upon questions of foreseeability and what is foreseeable and what is normal may be the subject of varying inferences" (Hain v Jamison, 28 NY3d 524, 529 [2016] [internal quotation marks omitted]; see Paul, 45 AD3d at 1487). Additionally, "it is well settled that there may be more than one proximate cause of the accident" (Przesiek v State of New York, 118 AD3d 1326, 1327 [4th Dept 2014]). Based on defendant's submissions, we conclude that there are questions of fact whether the actions of Zhang were a natural and foreseeable consequence of the circumstances created by defendant, i.e., allowing non-employees to drive in the subject area and the overall design and operation of the auction lot (see Paul, 45 AD3d at 1487; see also Fuller v Marcello, 17 AD3d 1017, 1018-1019 [4th Dept 2005]; Phelan v Ferello, 207 AD2d 874, 875 [2d Dept 1994]; see generally Hain, 28 NY3d at 533-534).
Contrary to defendant's final contention, it was not entitled to summary judgment dismissing the complaint against it on the ground of assumption of the risk. As stated by the Court of Appeals, the "application of assumption of the risk should be limited to cases appropriate for absolution of duty, such as personal injury claims arising from sporting events, sponsored athletic and recreative activities, or athletic and recreational pursuits that take place at designated venues" (Custodi v Town of Amherst, 20 NY3d 83, 89 [2012]). Here, plaintiff was not engaging in any requisite activity or event sponsored or supported by defendant at a designated venue (see id.). Rather, plaintiff was simply standing in a safety area at defendant's automobile auction facility when he was struck by a motor vehicle, and therefore the doctrine of assumption of the risk does not apply (see generally Knight v Holland, 148 AD3d 1726, 1728 [4th Dept 2017]).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court