Alekna v 207-217 W. 110 Portfolio Owner LLC (2023 NY Slip Op 00178)

Alekna v 207-217 W. 110 Portfolio Owner LLC

2023 NY Slip Op 00178

Decided on January 17, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 17, 2023

Before: Kapnick, J.P., Friedman, Kennedy, Mendez, Shulman, JJ. 

Index No. 156847/16 Appeal No. 17112 Case No. 2022-03133 

[*1]Mariana Dimitrova Alekna et al., Plaintiffs-Appellants-Respondents,
v
207-217 West 110 Portfolio Owner LLC, et al., Defendants-Respondents-Appellants, 207 Realty Associates L.L.C, et al., Defendants.

Newman Ferrara LLP, New York (Roger A. Sachar of counsel), for appellants-respondents.
Hunton Andrews Kurth LLP, New York (Michael B. Kruse of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Carol Edmead, J.), entered June 21, 2022, which, to the extent appealed from, denied plaintiffs' motion to renew and reargue, unanimously affirmed as to renewal, and otherwise dismissed, without costs, as taken from a nonappealable order.
Although plaintiffs' motion on the coverage period issue in this rent overcharge action purported to be for both renewal and reargument, the motion on this point argued only that the court had overlooked or misapprehended the applicable law. Thus, the motion was for reargument only, the denial of which is not appealable (see Kats v Agosto, 203 AD3d 661 [1st Dept 2022]; Rosado v Home Depot, 4 AD3d 204 [1st Dept 2004]). To the extent plaintiffs' motion on the coverage period made reference to purported new facts (post-filing rent payments), plaintiffs made no effort to justify their failure to raise those facts earlier, as required under CPLR 2221(e)(3), and do not explain how those facts would change the court's prior determination based on its view of the applicable law.
With respect to the motion on the issue of plaintiff Santamaria's tenancy, the court found that the motion for reargument was based on new factual evidence in violation of CPLR 2221(d)(2), and denied the motion on that basis without addressing the underlying merits. As noted above, the denial of reargument is not appealable. To the extent the court also denied the request for renewal, it was correctly denied, as plaintiffs failed to provide a reasonable justification for their failure to present the new evidence upon which they seek to rely on the prior motion (see Bronson v Jacobs, 204 AD3d 531 [1st Dept 2022]),THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 17, 2023