Ovalles-Sosa v Khoudari (2023 NY Slip Op 03289)

Ovalles-Sosa v Khoudari

2023 NY Slip Op 03289

Decided on June 15, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 15, 2023

Before: Renwick, A.P.J., Kennedy, Mendez, Rodriguez, Higgitt, JJ. 

Index No. 21655/20E Appeal No. 474 Case No. 2022-05616 

[*1]Ines Ovalles-Sosa, Plaintiff-Respondent,
v
Amy Khoudari et al., Defendants, Lot Less NYC, Inc., et al., Defendants-Appellants.

Clausen Miller P.C., New York (Yesy Sanchez of counsel), and Clausen Miller P.C., Chicago, IL (Don R. Sampen of the bar of the State of Illinois, admitted pro hac vice, of counsel), for appellants.
Law Offices of John P. Grill, PC, Carmel (John P. Grill of counsel), for respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about August 29, 2022, which denied defendants Lot Less NYC, Inc., Lot Less Closeouts, Inc. and 5545 Riverdale, Inc.'s (collectively, Lot Less) motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that she sustained injury when a box containing a vanity mirror fell on her head from an eight-foot-high shelf in Lot Less's store. She alleges that the box was improperly placed on a shelf in such a way as to constitute a hazard and fell on her head while an employee was stocking the shelf from an adjoining aisle. She testified that the box fell after the shelf shook and that, after the box fell, she noticed a store employee organizing or stocking merchandise on a high shelf on the other side of the shelf unit, in the next aisle.
In support of their motion, defendants submitted testimony of an assistant manager that employees regularly checked aisles and stocked merchandise two inches from the edge of the shelf. This evidence was sufficient to demonstrate prima facie that the box was not improperly shelved and, even if the box was too near the edge of the shelf, it could just as easily been placed there by a customer and there is no evidence of actual or constructive notice (see Rosado v Home Depot, 4 AD3d 204, 205 [1st Dept 2004]; Ruggiero v Waldbaums Supermarkets, 242 AD2d 268, 269 [2d Dept 1997]). In addition, defendants submitted the report and affidavit of an expert who stated that a one-inch raised cap down the middle of the top of the shelf unit, would prevent an object from being pushed from one side to the other, but did not address whether the shelf may have been shaken by an employee.
In opposition, plaintiff submitted an affidavit of her expert disputing the defendants' experts' opinions and asserting that the one-inch cap would not prevent boxes on one side from falling over onto boxes on the other side, causing them to topple. Plaintiff also submitted an affidavit clarifying her testimony and the basis for her belief that an employee stocking shelves on the other side caused the accident. While defendants claim that plaintiff's testimony concerning how the accident occurred is too speculative, a plaintiff is not required to recall the exact manner in which the incident occurred (Cuevas v City of New York, 32 AD3d 372, 372-373 [1st Dept 2006]), but must identify the defect enough for a trier of fact to find, based on logical inferences, that the defect proximately caused the accident (Cherry v Daytop Vil., Inc., 41 AD3d 130, 131 [1st Dept 2007]). Accordingly, while plaintiff did not raise an issue of fact as to improper placement or shelving of the box, the motion court properly concluded that there are issues of fact as to whether a store employee stocking shelves jostled the merchandise or shook the shelves, causing the box to fall.
In view of the foregoing we need not determine whether plaintiff has sufficiently [*2]established defendants' exclusive control over the top-shelf merchandise to be able to rely on the doctrine of res ipsa loquitur at trial (compare Ruggiero v Waldbaums Supermarkets, 242 AD2d at 269; Pinto v Little Fish Corp., 273 AD2d 63 [1st Dept 2000], with Fields v King Kullen Grocery Co., 28 AD3d 513, 514 [2d Dept 2006]; Ciciarelli v Ames Dept. Stores, 162 AD2d 996, 997 [4th Dept 1990]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 15, 2023