■ Tina Bingham, Appellant, v Vertical Industrial Park Associates et al., Defendants and Third-Party Plaintiffs-Respondents. MRF Industries, Inc., et al., Third-Party Defendants-Respondents. [647 NYS2d 225] —In an action to recover damages for personal injuries, the plaintiff appeals from

an order of the Supreme Court, Queens County (Rutledge, J.), dated March 8, 1995, which granted the separate motions of the defendants, the third-party defendants, and the fourth-party defendants, for summary judgment dismissing the complaint, the third-party complaints, the fourth-party complaint, and all cross claims.

Ordered that the order is modified, on the law, by deleting the provisions thereof which granted the respective motions of the defendants Vertical Industrial Park Associates, Middle Village Associates, and Realty Management Associates, the third-party defendant MRF Industries, Inc., the fourth-party defendants JMR Concrete of LI Corp., Tellini Terrazzo Corp., Sharp Steel Fabricators, Inc., and Star Storefront, Inc., for summary judgment dismissing the complaint, third-party complaints, fourth-party complaints and all cross claims insofar as asserted against them and substituting therefor a provision denying those motions; as so modified, the order is affirmed, with one bill of costs payable by the respondents appearing separately and filing separate briefs.

In December of 1989, while shopping with her mother and sister in the Metro Mall in Middle Village, Queens, the plaintiff allegedly fell while she was descending an interior staircase. She thereafter commenced suit against the defendants herein, Vertical Industrial Park Associates, Middle Village Associates, and Realty Management Associates, the owner and operators of the mall, alleging negligence in the design, construction, and/or maintenance of the staircase. The defendants thereafter commenced third-party actions against MRF Industries, Inc. (hereinafter MRF), the contractor who was performing work on the staircase, and Sears Roebuck and Co. (hereinafter Sears), the owner of a store adjacent to the staircase. MRF commenced a fourth-party suit against, JMR Concrete of LI Corp. (hereinafter JMR), Tellini Terrazzo Corp. (hereinafter Tellini), Sharp Steel Fabricators, Inc. (hereinafter Sharp), and Star Storefront, Inc. (hereinafter Star), other contractors that performed work at the Metro Mall. At examinations before trial, it was revealed that the plaintiff was unsure of what had caused her alleged fall, although she asserted that the staircase was "shaky" and that a piece of cement was "sticking out" on a platform on the stairs. Accordingly, the defendants MRF, Sears, JMR, Tellini, Sharp, and Star each moved for summary judgment dismissing the complaints and cross claims insofar as asserted against them. The court granted all the motions. We now modify.

In opposition to the various motions for summary judgment,

the plaintiff submitted the affidavit of her mother, Edna Hutter. Hutter, who asserted that she was behind the plaintiff and watching her as she descended the stairs, stated that the staircase was shaking in varying degrees of intensity depending on the number of people using it and that the steps were, "wet in many places with what appeared to be dirty water". Just before the plaintiff's fall, Hutter averred, the intensity of the shaking on the staircase increased and the plaintiff, "slipped on one of the puddles of water and then caught her foot on what looked like a piece of rough cement sticking up from the corner of the top step/landing. At that moment she just 'flew down' the stairs, landing on her back at the bottom". These sworn allegations are sufficient to raise triable issues of fact as to whether the alleged fall was a result of negligence in the design, construction, or maintenance of the staircase. Accordingly, the respective motions of MRF, JMR, Tellini, Sharp, Star, and the defendants for summary judgment dismissing all complaints and cross claims insofar as asserted against them should have been denied. The motion of Sears, however, was properly granted. The remaining respondents failed to raise a triable issue of fact that Sears was responsible for the design, construction, or maintenance of the staircase. Ritter, J. P., Copertino, Hart and McGinity, JJ., concur.