▪ GENEVIEVE GELOSO et al., as Coadministrators of the Estate of ORMETTA GOODRICH, Deceased, Appellants, v CASTLE ENTERPRISES, INC., et al., Respondents. [698 NYS2d 131] —Order unanimously affirmed without costs. Memorandum: Plaintiffs' decedent was injured when she fell in a parking lot owned by defendant Castle Enterprises, Inc. (Castle) and located behind premises leased from Castle by defendant Morgan's Landing Restaurant (Morgan's Landing). Supreme Court properly granted defendants' motions for summary judgment dismissing the complaint. Castle met its initial burden by submitting the deposition testimony of decedent, wherein she stated that she lost her balance because she was "walking backwards" and "was in a hurry". Thus, Castle established that, according to decedent's own deposition testimony, decedent's fall was unrelated to the slope of the parking lot (*see, Barland v Cryder House*, 203 AD2d 405, *lv denied* 84 NY2d 947). Contrary to the contention of plaintiffs, the deposition testimony of plaintiffs Genevieve Geloso and Barbara J. Jones, decedent's daughters, and the affidavit of plaintiffs' expert do not raise an issue of fact whether decedent fell as a result of negligence in the design or construction of the area (*cf., Bingham v Vertical In-*

*dus. Park Assocs.,* 230 AD2d 884, 886). Additionally, Morgan's Landing established its entitlement to judgment as a matter of law by establishing that the parking lot was not part of the leased premises and that Castle controlled the maintenance of the parking lot and the placement of the handicapped parking spaces, and plaintiffs failed to raise a triable issue of fact (*see, Dunn v Reardon,* 184 AD2d 1064). (Appeal from Order of Supreme Court, Herkimer County, Kirk, J.—Summary Judgment.) Present—Green, J. P., Lawton, Hayes, Hurlbutt and Balio, JJ.