■ MARGARET POWERS, Appellant, v ST. BERNADETTE'S ROMAN CATHOLIC CHURCH, Respondent. [765 NYS2d 102] —Appeal from an order of Supreme Court, Erie County (Mintz, J.), entered July 2, 2002, which granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for personal injuries she sustained when she fell from a step in a building owned by defendant. Plaintiff alleged that the construction of the single step leading from the computer room to the hallway where she fell constituted a dangerous condition and that the lighting in the computer room and hallway was inadequate. According to the deposition testimony of plaintiff, she took a step with her left foot "and there was no floor there."

Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. We agree with plaintiff that defendant failed to meet its initial burden of establishing that the step was not inherently dangerous as a matter of law (see Eisenhart v The Marketplace, 176 AD2d 1220 [1991]; see generally Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]; Holl v Holl, 270 AD2d 864 [2000]) or that the alleged defect was trivial as a matter of law (see Holl, 270 AD2d 864 [2000]; cf. Trincere, 90 NY2d at 977-978). Defendant also failed to establish that the alleged defect was not a proximate cause of plaintiff's injuries as a matter of law. Defendant contends that plaintiff fell solely due to her own negligence inasmuch as she was looking straight ahead rather than at the ground when she left the computer room. In addition, defendant contends that plaintiff had been through the same doorway when she entered the computer room and therefore should have remembered to step down upon leaving the computer room. Defendant failed to establish that plaintiff's fall was unrelated to the alleged defect (cf. Geloso v Castle Enters., 266 AD2d 849 [1999]) and, while plaintiff may have been comparatively negligent in failing to observe the step or in failing to remember that the step was there, any such comparative negligence would not serve to "negate the liability of the * * * landowner[,] who has a duty to keep the premises

safe" (*Vereerstraeten v Cook*, 266 AD2d 901, 901 [1999]). Present—Pine, J.P., Hurlbutt, Scudder and Hayes, JJ.