# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

336
CA 10-01348
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

NICKOLAS VIELE, PLAINTIFF-RESPONDENT,

V                                                MEMORANDUM AND ORDER

LORRAINE VYVERBERG, DEFENDANT-APPELLANT.

---

HISCOCK & BARCLAY, LLP, ROCHESTER (JOSEPH A. WILSON OF COUNSEL), FOR DEFENDANT-APPELLANT.

CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (William P. Polito, J.), entered March 5, 2010 in a personal injury action. The judgment awarded plaintiff the sum of $82,440.62 against defendant.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from a judgment awarding plaintiff approximately $82,000 in this premises liability case, following separate trials on liability and damages. We reject defendant's contention that reversal is required on the ground that Supreme Court erred in omitting from the verdict sheet in the trial on liability a question whether the premises where plaintiff was injured were maintained in a reasonably safe condition. "[A]ny alleged error in the verdict sheet does not warrant reversal inasmuch as 'no basis exists to warrant a finding of juror confusion or inconsistency in the verdict' " (*Maurer v Tops Mkts., LLC* [appeal No. 3], 70 AD3d 1504, 1505; *see Williams v Brosnahan*, 295 AD2d 971, 974; *Szeztaye v LaVacca*, 179 AD2d 555, 555-556). We reject defendant's further contention that the court erred in failing to include in its charge to the jury at the trial on liability the issue whether defendant had actual or constructive notice of the condition that caused plaintiff's injury. Rather, the court properly charged the jury that defendant could be held liable only if the jury found that she created the dangerous or defective condition. "Although landowners ordinarily must have actual or constructive notice of a defective condition before they may be held liable . . ., such notice is not required where the landowner creates the defective condition" (*Merlo v Zimmer*, 231 AD2d 952, 953; *see Cook v Rezende*, 32 NY2d 596, 599), and here, based on the proof at the trial on liability, the issue properly before the jury was whether defendant created the defective condition, not whether she had actual

or constructive notice thereof.

Defendant's contention that the court erred in permitting all or at least a portion of the testimony of plaintiff's liability expert at the trial on liability is likewise without merit. "The determination whether to permit expert testimony is a mixed question of law and fact addressed primarily to the discretion of the trial court . . ., and the court's determination should not be disturbed absent an abuse of discretion" (*Curtin v J.B. Hunt Transp., Inc.* [appeal No. 2], 79 AD3d 1608, 1610 [internal quotation marks omitted]; *see Kettles v City of Rochester*, 21 AD3d 1424, 1426). Based on this record, it cannot be said that the court abused its discretion in permitting plaintiff's liability expert to testify at the trial on liability. We have reviewed defendant's remaining contentions and conclude that they are either unpreserved for our review or without merit.

Entered: April 1, 2011                                    Patricia L. Morgan
                                                         Clerk of the Court