■ JOSEPH CALANDRINO et al., Respondents, v TOWN OF BABYLON, Respondent-Appellant, and DELTA WELL AND PUMP, CO. INC., Appellant-Respondent. [944 NYS2d 286]—

In an action to recover damages for personal injuries, etc., the defendant Delta Well and Pump Co., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated January 4, 2011, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendant Town of Babylon cross-appeals, as limited by its brief, from so much of the same order as denied those branches of its motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and for summary judgment on its cross claim for contractual indemnification against the defendant Delta Well and Pump Co., Inc.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendant Delta Well and Pump Co., Inc., which were for summary judgment dismissing the complaint and the cross claim of the Town of Babylon for contribution on the ground of comparative negligence insofar as asserted against it, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff payable by the defendant Town of Babylon, and one bill of costs to the defendant Delta Well and Pump Co., Inc., payable by the plaintiff.

The plaintiff Joseph Calandrino (hereinafter the injured plaintiff) allegedly sustained injuries when he slipped on water on the swim platform of his boat while it was docked at a marina owned and operated by the Town of Babylon. The injured plaintiff, and his wife, suing derivatively, commenced this action

against the Town, alleging that a pipe that discharged overflow water from an artesian well system had been negligently designed and installed so that it discharged water onto boats docked at the marina. The plaintiffs later amended the complaint to add as a defendant Delta Well and Pump Co., Inc. (hereinafter Delta), which constructed the artesian well system under contract with the Town and whose subcontractor installed the overflow discharge pipe.

The Supreme Court denied the Town's motion, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and for summary judgment on its cross claim for contractual indemnification against Delta. The Supreme Court also denied Delta's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

"Generally, 'a party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligent acts' " (*Brothers v New York State Elec. & Gas Corp.*, 11 NY3d 251, 257 [2008], quoting *Kleeman v Rheingold*, 81 NY2d 270, 273 [1993]; *see Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668 [1992]). The underlying rationale for the rule is that "one who employs an independent contractor has no right to control the manner in which the work is to be done and, thus, the risk of loss is more sensibly placed on the contractor" (*Kleeman v Rheingold*, 81 NY2d at 274; *see Metling v Punia & Marx*, 303 AD2d 386, 387-388 [2003]). Thus, control of the method and means by which the work is to be done is the critical factor in determining whether one is an independent contractor or an employee for the purposes of tort liability (*see Gfeller v Russo*, 45 AD3d 1301, 1302 [2007]; *Metling v Punia & Marx*, 303 AD2d at 388).

Delta demonstrated its prima facie entitlement to judgment as a matter of law by presenting evidence that it hired Bensin Contracting, Inc. (hereinafter Bensin), to install the overflow discharge pipe and that it did not control Bensin's work. In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court erred in denying those branches of Delta's motion which were for summary judgment dismissing the complaint and the Town's cross claim for contribution on the ground of Delta's alleged comparative negligence insofar as asserted against it.

However, the Supreme Court properly denied that branch of the Town's motion which was for summary judgment dismissing the complaint insofar as asserted against it. While a prop-

erty owner has a duty to maintain its property in a reasonably safe condition, it has no duty to protect or warn against an open and obvious condition, which as a matter of law is not inherently dangerous (see *Atehortua v Lewin*, 90 AD3d 794, 794 [2011], *lv denied* 18 NY3d 811 [2012]; *Surujnaraine v Valley Stream Cent. High School Dist.*, 88 AD3d 866, 866 [2011]; *Cupo v Karfunkel*, 1 AD3d 48, 51-52 [2003]). "Whether a hazard is open and obvious cannot be divorced from the surrounding circumstances" (*Atehortua v Lewin*, 90 AD3d at 794 [internal quotation marks omitted]). "A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (*Katz v Westchester County Healthcare Corp.*, 82 AD3d 712, 713 [2011]).

Here, the Town failed to establish, prima facie, that the alleged condition of the water flowing from the pipe was open and obvious and not inherently dangerous (see *Surujnaraine v Valley Stream Cent. High School Dist.*, 88 AD3d at 867; *Katz v Westchester County Healthcare Corp.*, 82 AD3d at 713). The Town also failed to establish, prima facie, that the injured plaintiff assumed a risk inherent in the recreational activity of boating (cf. *Best v Town of Islip*, 265 AD2d 357, 358 [1999]). Since the Town did not meet its initial burden, the burden never shifted to the plaintiffs to submit evidence sufficient to raise a triable issue of fact (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

The Supreme Court correctly denied that branch of Delta's motion which was for summary judgment dismissing the Town's cross claim against it for contractual indemnification. The Supreme Court also correctly denied those branches of the Town's motion which were for summary judgment on its cross claim against Delta for contractual indemnification and for summary judgment dismissing Delta's cross claim for contractual indemnification. Angiolillo, J.P., Dickerson, Hall and Cohen, JJ., concur. **[Prior Case History: 2011 NY Slip Op 30139(U).]**