# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1183**
**CA 12-00417**
PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

JAN M. HAYES, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TEXAS ROADHOUSE HOLDINGS, LLC AND TEXAS
ROADHOUSE MANAGEMENT CORP.,
DEFENDANTS-APPELLANTS.

---

DONNA LAW FIRM, P.C., MINNEAPOLIS, MINNESOTA (LESLIE A. GELHAR, OF THE
MINNESOTA BAR, ADMITTED PRO HAC VICE, OF COUNSEL), AND GOLDBERG
SEGALLA LLP, BUFFALO, FOR DEFENDANTS-APPELLANTS.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Niagara County (Ralph
A. Boniello, III, J.), entered January 31, 2012 in a personal injury
action.  The order denied defendants' motion for summary judgment
dismissing the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries she sustained when she tripped and fell over a curb
separating a sidewalk and a landscaped area on the premises of a
restaurant owned and maintained by defendant Texas Roadhouse Holdings,
LLC and allegedly operated by defendant Texas Roadhouse Management
Corp.  Plaintiff alleged in her complaint that defendants were
negligent, inter alia, in installing the curb between a bench outside
the restaurant and the door to that facility, and in failing to warn
of a tripping hazard in the area of the bench.  Supreme Court denied
defendants' motion for summary judgment dismissing the complaint, and
we affirm.

We note at the outset that "[i]t is beyond dispute that
landowners and business proprietors have a duty to maintain their
properties in [a] reasonably safe condition" (*Di Ponzio v Riordan*, 89
NY2d 578, 582).  In support of their contention that the curb was in a
reasonably safe condition at the time of plaintiff's fall and thus
that they were not negligent in installing the curb at that location,
defendants submitted evidence establishing that the curb complied with
applicable building codes, zoning ordinances, and zoning standards.
Evidence of a defendant's compliance with industry standards, however,

does not establish as a matter of law that such defendant was not negligent (*see Baity v General Elec. Co.*, 86 AD3d 948, 950-951). "[C]ompliance with customary or industry practices is not dispositive of due care but constitutes only some evidence thereof" (*Miner v Long Is. Light. Co.*, 40 NY2d 372, 381). Likewise, compliance with applicable regulations is not dispositive on the issue of negligence; " 'such compliance does not necessarily preclude a jury from finding that the . . . [device governed by the regulations] was part of or contributed to any inherently dangerous condition existing in the area of [plaintiff's] fall' " (*Bamrick v Orchard Brooke Living Ctr.*, 5 AD3d 1031, 1032).

The issue before us is thus whether defendants established as a matter of law that the curb was not inherently dangerous (*see Powers v St. Bernadette's R.C. Church*, 309 AD2d 1219, 1219). The determination of such an issue "depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [internal quotation marks omitted]), and we conclude that defendants failed to meet their initial burden on the motion (*see Maio v John Andrew, Inc.*, 85 AD3d 741, 742; *Powers*, 309 AD2d at 1219; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Although plaintiff's deposition testimony establishes that she did not notice the curb before tripping on it, plaintiff also testified at her deposition that she did not look for the curb immediately before the accident, and that she was following two friends into the restaurant at that time. Photographs submitted by defendants in support of the motion show that the curb was in proximity to a bench on which plaintiff sat immediately before her fall, and that the curb is the same color as the sidewalk where plaintiff was walking at the time of her accident. Inasmuch as defendants failed to meet their initial burden of establishing that the curb was not inherently dangerous as a matter of law, we need not consider the sufficiency of plaintiff's opposing papers (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

We further conclude that defendants failed to establish as a matter of law that the hazard posed by the curb was open and obvious and thus that they had no duty to warn plaintiff of a tripping hazard. It is well established that there is no duty to warn of an open and obvious dangerous condition (*see Tagle v Jakob*, 97 NY2d 165, 169), "because 'in such instances the condition is a warning in itself' " (*Mazurek v Home Depot U.S.A.*, 303 AD2d 960, 962). "Whether a hazard is open and obvious cannot be divorced from the surrounding circumstances . . . A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (*Calandrino v Town of Babylon*, 95 AD3d 1054, 1056 [internal quotation marks omitted]; *see Gordon v Pitney Bowes Mgt. Servs., Inc.*, 94 AD3d 813, 814-815; *Katz v Westchester County Healthcare Corp.*, 82 AD3d 712, 713; *see also Gustin v Association of Camps Farthest Out*, 267 AD2d 1001, 1002). "Some visible hazards, because of their nature or location, are likely to be overlooked . . . , and the facts here simply do not warrant concluding as a matter of

law that the [curb] was so obvious that it would necessarily be noticed by any careful observer, so as to make any warning superfluous" (*Juoniene v H.R.H. Constr. Corp.*, 6 AD3d 199, 200-201; *see Surujnaraine v Valley Stream Cent. High School Dist.*, 88 AD3d 866, 866-867; *Cassone v State of New York*, 85 AD3d 837, 838-839; *Shah v Mercy Med. Ctr.*, 71 AD3d 1120, 1120; *Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69, 72).

Contrary to defendants' further contention, the court properly concluded that they are not entitled to summary judgment on the ground that they lacked notice of the alleged dangerous condition on the restaurant premises.  Actual or constructive notice of a defective condition is not required where defendants created the dangerous condition (*see Cook v Rezende*, 32 NY2d 596, 599; *Viele v Vyverberg*, 83 AD3d 1428, 1429) and, here, there is no dispute that defendants created the curb at issue.

Entered:  November 16, 2012                          Frances E. Cafarell
                                                     Clerk of the Court