# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**558**

**CA 12-01786**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

DEBORAH BELSINGER, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

M&M BOWLING & TROPHY SUPPLIES, INC., DOING
BUSINESS AS VISTA LANES; VISTA LIQUORS, INC.
AND MELVIN F. ALLEN, DEFENDANTS-RESPONDENTS.

---

JAMES R. MCCARL & ASSOCIATES, MONTGOMERY (JAMES R. MCCARL OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (BRADY J. O'MALLEY OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oneida County (Norman
I. Siegel, A.J.), entered July 5, 2012. The order granted the motion
of defendants for summary judgment dismissing the second amended
complaint.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying those parts of defendants'
motion seeking summary judgment dismissing the claims for negligence
and failure to warn and reinstating those claims, and as modified the
order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries she allegedly sustained when she fell inside defendants'
bowling alley. The accident occurred when plaintiff, after entering
the building, unknowingly stepped down from a concrete step located
immediately inside the doorway. There is a 4½-inch drop from the top
of the step to the floor below. The second amended complaint, as
amplified by the bill of particulars, alleges that defendants were
negligent in, inter alia, permitting a dangerous condition to exist on
the premises, namely, the cement step inside the doorway; failing to
warn of the dangerous condition; and failing to provide adequate
lighting for the entryway.

We conclude that Supreme Court erred in granting defendants'
motion for summary judgment insofar as it sought dismissal of the
negligence and failure to warn claims. We therefore modify the order
accordingly. With respect to the negligence claim, we note that "[i]t
is beyond dispute that landowners and business proprietors have a duty
to maintain their properties in [a] reasonably safe condition" (*Di
Ponzio v Riordan*, 89 NY2d 578, 582), and "whether a dangerous or

defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [internal quotation marks omitted]). Here, defendants failed to meet their initial burden of establishing as a matter of law that the step in question was not inherently dangerous (*see Powers v St. Bernadette's R.C. Church*, 309 AD2d 1219, 1219; *see also Hayes v Texas Roadhouse Holdings, LLC*, 100 AD3d 1532, 1533; *Eisenhart v Marketplace*, 176 AD2d 1220, 1220). Although defendants submitted evidence establishing that the relevant building codes were inapplicable and that defendants had never been issued a citation for the step or the entryway, compliance with such codes " 'does not necessarily preclude a jury from finding that the . . . [step or the entryway] was part of or contributed to any inherently dangerous condition existing in the area of [plaintiff's] fall' " (*Bamrick v Orchard Brooke Living Ctr.*, 5 AD3d 1031, 1032; *see Eisenhart*, 176 AD2d at 1220). Moreover, " '[c]ompliance with customary or industry practices is not dispositive of due care but constitutes only some evidence thereof' " (*Hayes*, 100 AD3d at 1532, quoting *Miner v Long Is. Light. Co.*, 40 NY2d 372, 381).

We similarly conclude that defendants failed to meet their initial burden of establishing entitlement to judgment as a matter of law with respect to plaintiff's failure to warn claim (*see generally Barry v Gorecki*, 38 AD3d 1213, 1216). Although there was a sign on the door that read "Caution Step Down," defendants acknowledged that the sign would not be visible to someone for whom the door was being held open and, here, plaintiff alleges that her son was holding the door open for her. In any event, the sign was faded and accompanied by several other signs, thus potentially reducing its effectiveness. In addition, defendants did not paint or mark the step with bright colors or otherwise draw attention to it. Because defendants failed to meet their initial burden of proof with respect to the negligence and failure to warn claims, we need not consider the sufficiency of plaintiff's opposing papers with respect to those claims (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

We further conclude, however, that defendants met their initial burden as a matter of law with respect to plaintiff's inadequate lighting claim (*see generally Stever v HSBC Bank USA, N.A.*, 82 AD3d 1680, 1680-1681, *lv denied* 17 NY3d 705). Specifically, defendants submitted evidence demonstrating that the lighting in the entryway complied with applicable industry standards and was otherwise adequate, and in opposition plaintiff failed to raise an issue of fact (*see generally Broodie v Gibco Enters., Ltd.*, 67 AD3d 418, 418-419). The court therefore properly granted that part of defendants' motion for summary judgment dismissing that claim.

Entered: July 5, 2013

Frances E. Cafarell
Clerk of the Court