# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**989**

**CA 16-00139**

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

JEAN GREFRATH, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

MICHAEL A. DEFELICE, INDIVIDUALLY, AND DOING
BUSINESS AS MICHAEL ANTHONY'S SALON, EVELYN MAGER,
INDIVIDUALLY, AND AS EXECUTRIX OF THE ESTATE OF
LEO S. MAGER, DECEASED, DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANT.

---

SHAW & SHAW P.C., HAMBURG (BLAKE ZACCAGNINO OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

RODGERS LAW FIRM, BUFFALO (MARK C. RODGERS OF COUNSEL), FOR
DEFENDANT-RESPONDENT MICHAEL A. DEFELICE, INDIVIDUALLY, AND DOING
BUSINESS AS MICHAEL ANTHONY'S SALON.

NASH CONNORS, P.C., BUFFALO (JAMES J. NASH OF COUNSEL), FOR
DEFENDANT-RESPONDENT EVELYN MAGER, INDIVIDUALLY, AND AS EXECUTRIX OF
THE ESTATE OF LEO S. MAGER, DECEASED.

---

Appeal from an order of the Supreme Court, Genesee County (Robert
C. Noonan, A.J.), dated May 20, 2015. The order granted the motion of
defendant Michael A. DeFelice, individually and doing business as
Michael Anthony's Salon, and the cross motion of defendant Evelyn
Mager, individually and as executrix of the Estate of Leo S. Mager,
deceased, for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion and cross
motion are denied, and the complaint and cross claims are reinstated
against defendants-respondents.

Memorandum: Plaintiff commenced this action to recover damages
for injuries she allegedly sustained when she tripped and fell from a
step near the front entrance to commercial premises rented by
defendant Michael A. DeFelice, individually and doing business as
Michael Anthony's Salon, and owned by Leo S. Mager, who is now
deceased. Plaintiff contends that Supreme Court erred in granting the
motion of DeFelice and the cross motion of defendant Evelyn Mager
(Mager), individually and as the executrix of Leo Mager's estate, for
summary judgment dismissing the complaint and any cross claims against
them. We agree. "[W]hether a dangerous or defective condition exists
on the property of another so as to create liability depends on the

particular facts and circumstances of each case and is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [internal quotation marks omitted]; *see Hutchinson v Sheridan Hill House Corp*., 26 NY3d 66, 77).  In view of the pertinent "factors that may render a physically small defect actionable" (*Hutchinson*, 26 NY3d at 78; *see Trincere*, 90 NY2d at 977-978), we conclude that DeFelice and Mager (defendants) failed to sustain their burden of establishing as a matter of law the absence of any defect with the step (*see Lupa v City of Oswego*, 117 AD3d 1418, 1419; *Belsinger v M&M Bowling & Trophy Supplies, Inc*., 108 AD3d 1041, 1042; *Powers v St. Bernadette's R.C. Church*, 309 AD2d 1219, 1219).  In any event, we conclude that, in opposition to the motion and cross motion, plaintiff raised a triable issue of fact concerning the existence of a defect by submitting evidence that there were no markings on the step or differences in color between the step and the sidewalk (*see Saretsky v 85 Kenmore Realty Corp*., 85 AD3d 89, 92-93; *see generally Belsinger*, 108 AD3d at 1043; *Rachlin v 34th St. Partnership, Inc*., 96 AD3d 690, 691).  Furthermore, the step was located in or very near a doorway, "where a person's attention would be drawn to the door, not to the [step]" (*Tesak v Marine Midland Bank*, 254 AD2d 717, 718; *see generally Belsinger*, 108 AD3d at 1043; *Powers*, 309 AD2d at 1219).

We further conclude that the court erred in determining that plaintiff's inattention to the step upon exiting the premises was the sole proximate cause of her injuries as a matter of law inasmuch as defendants "failed to establish that plaintiff's fall was unrelated to the alleged defect" (*Powers*, 309 AD2d at 1219; *cf. Geloso v Castle Enters*., 266 AD2d 849, 849).  Thus, "while plaintiff may have been comparatively negligent in failing to observe the step or in failing to remember that the step was there, any such comparative negligence would not serve to 'negate the liability of the . . . landowner[,] who has a duty to keep the premises safe' " (*Powers*, 309 AD2d at 1219-1220; *see Vereerstraeten v Cook*, 266 AD2d 901, 901).

Entered:  November 18, 2016                         Frances E. Cafarell
                                                    Clerk of the Court