Balash v Melrod (2018 NY Slip Op 08769)





Balash v Melrod


2018 NY Slip Op 08769


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


956 CA 18-00360

[*1]ANDREW BALASH, PLAINTIFF-RESPONDENT,
v
MARY B. MELROD, DEFENDANT-APPELLANT. 






JANINE C. FODOR, OLEAN, FOR DEFENDANT-APPELLANT.
CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Cattaraugus County (Jeremiah J. Moriarty, III, J.), entered August 17, 2017. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint insofar as the complaint, as amplified by the bill of particulars, alleges that defendant had actual notice of the dangerous condition and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained while he was inspecting the belt of a running snowblower that was stored in a garage located on rental property owned by defendant, his sister. The engine of the snowblower was exposed because the snowblower lacked an engine compartment cover. Defendant contends that Supreme Court erroneously denied her motion for summary judgment dismissing the complaint. We agree in part and conclude that the court erred in denying the motion with respect to the allegation that defendant had actual notice of the dangerous condition. We therefore modify the order accordingly.
Defendant contends that she is entitled to summary judgment because, as an out-of-possession landlord, she is not liable for plaintiff's injuries. We reject that contention. It is well settled that "an out-of-possession landlord who relinquishes control of the premises and is not contractually obligated to repair unsafe conditions is not liable . . . for personal injuries caused by an unsafe condition existing on the premises" (Ferro v Burton, 45 AD3d 1454, 1454 [4th Dept 2007] [internal quotation marks omitted]; see Pomeroy v Gelber, 117 AD3d 1161, 1162 [3d Dept 2014]). In determining whether a landowner has relinquished control, we consider "the parties' course of conduct—including, but not limited to, the landowner's ability to access the premises—to determine whether the landowner in fact surrendered control over the property such that the landowner's duty is extinguished as a matter of law" (Gronski v County of Monroe, 18 NY3d 374, 380-381 [2011], rearg denied 19 NY3d 856 [2012]). Here, it is undisputed that defendant asked plaintiff to stay at the property for a period of time in order to perform repairs and maintenance. Indeed, in deposition testimony submitted by defendant, plaintiff testified that defendant had asked him to do so twice in the past. Inasmuch as defendant's own evidentiary submissions create an issue of fact whether she relinquished control of the premises, she failed to meet her burden of establishing entitlement to judgment as a matter of law on the ground that her status as an out-of-possession landlord absolves her of liability (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
The court erred, however, in denying the motion with respect to plaintiff's allegation in his bill of particulars that defendant had actual notice of the dangerous condition that caused plaintiff's injury. Defendant established as a matter of law that she had no actual notice of the dangerous condition by submitting an affidavit in which she averred that the parties' sister had [*2]provided the snowblower in a used condition, that defendant never saw the snowblower, and that no one informed her about the snowblower's condition or the need to perform maintenance on it. In opposition to the motion, plaintiff failed to submit any evidence establishing that defendant was aware of the condition of the snowblower (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
In contrast, defendant failed to establish as a matter of law that she lacked constructive notice of the dangerous condition. In deposition testimony submitted by defendant, one of the parties' brothers, who was a tenant at the premises and had also used the snowblower, testified that the snowblower was missing an engine compartment cover. Defendant failed to submit any evidence establishing how long the snowblower was in the garage in that condition. We therefore conclude that defendant's own submissions create an issue of fact whether the dangerous condition was " visible and apparent and . . . exist[ed] for a sufficient length of time prior to the accident to permit [defendant] to discover and remedy it' " (Rivera v Tops Mkts., LLC, 125 AD3d 1504, 1505 [4th Dept 2015], quoting Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]).
Finally, defendant failed to establish as a matter of law that plaintiff's conduct was the sole proximate cause of his injuries. In deposition testimony submitted by defendant, plaintiff testified that his hands were at least six inches from the engine compartment when the serpentine belt unexpectedly came loose and pulled his hand into the engine. Defendant thus failed to demonstrate that plaintiff's accident was " unrelated to the alleged defect' " (Grefrath v DeFelice, 144 AD3d 1652, 1654 [4th Dept 2016]; cf. Sorrentino v
Paganica, 18 AD3d 858, 859 [2d Dept 2005]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court