Wiedenbeck v Lawrence (2019 NY Slip Op 02246)





Wiedenbeck v Lawrence


2019 NY Slip Op 02246


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, NEMOYER, AND WINSLOW, JJ.


1309 CA 18-00457

[*1]PATRICIA WIEDENBECK AND WILLIAM WIEDENBECK, PLAINTIFFS-APPELLANTS,
v
ALLISON LAWRENCE AND ROBERT LAWRENCE, DEFENDANTS-RESPONDENTS. 






LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
SCHNITTER CICCARELLI MILLS PLLC, WILLIAMSVILLE (PATRICIA S. CICCARELLI OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered October 12, 2017. The order granted the motion of defendants for summary judgment and dismissed plaintiffs' complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.
Memorandum: Plaintiffs commenced this premises liability action seeking damages for injuries Patricia Wiedenbeck (plaintiff) allegedly sustained when she tripped and fell on a ridged metal threshold strip attached to the step in the entryway of defendants' commercial building. Supreme Court granted defendants' motion for summary judgment dismissing the complaint. We reverse.
We agree with plaintiffs that defendants failed to sustain their initial burden of establishing as a matter of law that the threshold strip was not inherently dangerous or defective (see Grefrath v DeFelice, 144 AD3d 1652, 1653 [4th Dept 2016]). "[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case" (Trincere v County of Suffolk, 90 NY2d 976, 977 [1997] [internal quotation marks omitted]; see Hayes v Texas Roadhouse Holdings, LLC, 100 AD3d 1532, 1533 [4th Dept 2012]), and the existence or nonexistence of a defect or dangerous condition "is generally a question of fact for the jury" (Trincere, 90 NY2d at 977; see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77 [2015]; Tesak v Marine Midland Bank, 254 AD2d 717, 717-718 [4th Dept 1998]). Defendants' submissions in support of their motion included excerpts of plaintiffs' deposition testimony and defendants' affidavits, which raised a question of fact whether the threshold strip on the step created an unreasonably dangerous or defective condition. We further conclude that summary judgment dismissing the complaint was not warranted on the ground that the alleged defect was, as a matter of law, too trivial to be actionable. It is well settled that "a small difference in height or other physically insignificant defect is actionable if its intrinsic characteristics or the surrounding circumstances magnify the dangers it poses, so that it unreasonably imperil[s] the safety of' a pedestrian" (Hutchinson, 26 NY3d at 78, quoting Wilson v Jaybro Realty & Dev. Co., 289 NY 410, 412 [1943]). Here, it is impossible to ascertain from the black and white photographs submitted by defendants in support of the motion the width, depth, elevation, height differential or actual appearance of the threshold, and thus defendants failed to establish that the defect was, in fact, trivial. In addition, the threshold and step were located in a doorway, "where a person's attention would be drawn to the door, not to the [step]" (Tesak, 254 AD2d at 718; see generally Belsinger v M & M Bowling & Trophy Supplies, Inc., 108 AD3d 1041, 1042 [4th Dept 2013]).
Even assuming, arguendo, that defendants' submissions were sufficient to meet their prima facie burden of establishing that no dangerous or defective condition existed, we conclude that plaintiffs' submissions in opposition raised a triable issue of fact (see generally Hutchinson, 26 NY3d at 82; Grefrath, 144 AD3d at 1653-1654). Indeed, plaintiffs submitted the affidavit of their expert, who opined that the tiers of the threshold posed an unsafe and defective condition that caused or contributed to plaintiff's fall (see generally Murphy v Conner, 84 NY2d 969, 972 [1994]).
Finally, defendants' own submissions in support of their motion affirmatively establish that defendants had constructive, if not actual, notice of the allegedly dangerous condition (see generally Harris v Seager, 93 AD3d 1308, 1308-1309 [4th Dept 2012]).
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court