Graul v Van Damme (2021 NY Slip Op 01643)





Graul v Van Damme


2021 NY Slip Op 01643


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


916 CA 20-00309

[*1]LINDA GRAUL, PLAINTIFF-RESPONDENT,
v
WILLIAM J. VAN DAMME AND PATRICIA M. LASKOWSKI, DEFENDANTS-APPELLANTS. 






BARCLAY DAMON, LLP, ROCHESTER (MARK T. WHITFORD, JR., OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Ontario County (Brian D. Dennis, A.J.), entered July 8, 2019. The order denied the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action to recover damages for injuries plaintiff sustained when she fell while stepping from a platform inside defendants' restaurant and bar, defendants appeal from an order denying their motion for summary judgment dismissing the complaint. We affirm.
Defendants failed to meet their initial burden on the motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Although defendants contend that the platform did not constitute a dangerous condition, the determination of such an issue "depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (Hayes v Texas Roadhouse Holdings, LLC, 100 AD3d 1532, 1533 [4th Dept 2012] [internal quotation marks omitted]). Here, defendants failed to establish that the platform, when considered in conjunction with the surrounding lighting conditions and the lack of visual cues marking the change in elevation, did not constitute an unreasonably dangerous condition (see Sawyers v Troisi, 95 AD3d 1293, 1294 [2d Dept 2012]; see generally Powers v St. Bernadette's R.C. Church, 309 AD2d 1219, 1219 [4th Dept 2003]). Moreover, the fact that plaintiff had traversed the platform prior to her fall does not determine, as a matter of law, whether the platform constituted a dangerous condition (see generally Powers, 309 AD2d at 1219).
We likewise conclude that defendants failed to establish that the hazard posed by the platform was open and obvious and thus that they had no duty to warn plaintiff (see Hayes, 100 AD3d at 1533). "Whether a hazard is open and obvious cannot be divorced from the surrounding circumstances . . . [, and a] condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (Calandrino v Town of Babylon, 95 AD3d 1054, 1056 [2d Dept 2012] [internal quotation marks omitted]; see Hayes, 100 AD3d at 1533-1534). Based on the circumstances discussed above, we conclude that defendants failed to establish that the danger was so obvious that it would necessarily be noticed by any careful observer as a matter of law (see Hayes, 100 AD3d at 1534).
Contrary to defendants' further contention, their submissions, which included plaintiff's deposition testimony, failed to establish that plaintiff could not identify the cause of the fall (see generally Rinallo v St. Casimir Parish, 138 AD3d 1440, 1441 [4th Dept 2016]). Additionally, although plaintiff may have been comparatively negligent in failing to observe the step or in [*2]failing to remember that the step was there, we conclude that, contrary to their contention, defendants failed to establish that plaintiff fell solely due to her own negligence (see Powers, 309 AD2d at 1219-1220).
In light of defendants' failure to demonstrate their prima facie entitlement to judgment as a matter of law, Supreme Court properly denied the motion regardless of the sufficiency of plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court