McLaren v Mid-Town Athletic Club, LLC (2021 NY Slip Op 03946)





McLaren v Mid-Town Athletic Club, LLC


2021 NY Slip Op 03946


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


312 CA 20-00937

[*1]MATTHEW MCLAREN, PLAINTIFF-APPELLANT-RESPONDENT,
v
MID-TOWN ATHLETIC CLUB, LLC, MID-TOWN ATHLETIC CLUB, L.P., ROCHESTER REGIONAL HEALTH, AND ROCHESTER GENERAL PHYSICAL THERAPY & SPORTS REHABILITATION, DEFENDANTS-RESPONDENTS-APPELLANTS. 






THE RUSSELL FRIEDMAN LAW GROUP, LLP, ROCHESTER (RON F. WRIGHT OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.
HARRIS BEACH PLLC, PITTSFORD (SVETLANA K. IVY OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS.


 Appeal and cross appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered February 11, 2020. The order denied the motion of defendants for summary judgment dismissing the complaint and denied the cross motion of plaintiff for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained when he tripped on a stool and fell while attending a physical therapy appointment at defendants' facility. According to plaintiff, he tripped on the stool after moving off of a treatment table because the room was dark, obscuring his ability to see the stool that had allegedly been left in his path. Defendants moved for summary judgment dismissing the complaint on the ground that, inter alia, the stool was an open and obvious condition that, as a matter of law, was not inherently dangerous. Plaintiff opposed the motion and filed a cross motion for summary judgment on the complaint. Plaintiff appeals and defendants cross-appeal from an order denying the motion and cross motion, and we affirm.
Contrary to defendants' contention on their cross appeal, they failed to meet their initial burden on the motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Although defendants contend that the stool was not a dangerous condition, the determination of such an issue " 'depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury' " (Hayes v Texas Roadhouse Holdings, LLC, 100 AD3d 1532, 1533 [4th Dept 2012]). Here, defendants submitted, inter alia, the deposition testimony of plaintiff, wherein he described the dark lighting conditions in the area where he fell. Thus, defendants' own submissions raised a triable issue of fact whether the stool constituted an unreasonably dangerous condition when considered in conjunction with the surrounding circumstances, including the lighting (see generally Sawyers v Troisi, 95 AD3d 1293, 1294 [2d Dept 2012]; Powers v St. Bernadette's R.C. Church, 309 AD2d 1219, 1219 [4th Dept 2003]). We likewise conclude that defendants failed to establish as a matter of law that the hazard posed by the stool was open and obvious and thus that they had no duty to warn plaintiff (see Hayes, 100 AD3d at 1533). " 'Whether a hazard is open and obvious cannot be divorced from the surrounding circumstances' . . . [and] '[a] condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted' " (Calandrino v Town of Babylon, 95 AD3d 1054, 1056 [2d Dept 2012]; see Hayes, 100 AD3d at 1533). Based on the circumstances presented here, we conclude [*2]that defendants' submissions created a triable issue of fact whether the danger was so obvious that it would necessarily be noticed by any careful observer (see Hayes, 100 AD3d at 1534).
We also reject plaintiff's contention on his appeal, however, that Supreme Court erred in denying his cross motion. Plaintiff's own submissions raised issues of fact precluding summary judgment (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), including factual questions as to the lighting conditions at the time of the alleged trip, the location of the stool, what plaintiff was or was not able to see prior to tripping, and whether the incident as described by plaintiff actually occurred at defendants' facility.
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court