Bullock v Angry Goat Pub, Inc. (2021 NY Slip Op 04426)





Bullock v Angry Goat Pub, Inc.


2021 NY Slip Op 04426


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND DEJOSEPH, JJ.


111 CA 20-00807

[*1]SCOTT BULLOCK, PLAINTIFF-RESPONDENT,
T
v
HE ANGRY GOAT PUB, INC., DOING BUSINESS AS ANGRY GOAT PUB, DEFENDANT-APPELLANT. 






BARCLAY DAMON, LLP, ROCHESTER (JESSICA E. TARIQ OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BRENNA BOYCE PLLC, ROCHESTER (DAVID C. SIELING OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Monroe County (Debra A. Martin, A.J.), entered February 26, 2020. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he fell from a six-inch platform in a pub owned by defendant. In his complaint, as amplified by his bill of particulars, plaintiff alleged, inter alia, that defendant was negligent in failing to properly construct and inspect the platform and in failing to warn him adequately of the hazardous condition presented by the platform. Defendant moved for summary judgment dismissing the complaint on the grounds that plaintiff had failed to identify the cause of his fall, and that, even if plaintiff had identified a cause, the step was an open and obvious condition, and thus plaintiff's own inattention was the sole proximate cause of the accident. Defendant appeals from an order denying the motion, and we affirm.
Contrary to defendant's contention, the bill of particulars and the video recording of the incident sufficiently identify the cause or causes of plaintiff's fall, and thus a factfinder will be able to reach a verdict based on logical inferences to be drawn from the evidence, and not on speculation (see Rinallo v St. Casimir Parish, 138 AD3d 1440, 1441 [4th Dept 2016]; see also Dixon v Superior Discounts & Custom Muffler, 118 AD3d 1487, 1488 [4th Dept 2014]; see generally Ash v City of New York, 109 AD3d 854, 855 [2d Dept 2013]). Thus, defendant "failed to establish as a matter of law that the cause of plaintiff's fall was speculative" (Dixon, 118 AD3d at 1488).
Contrary to defendant's further contention, it failed to establish as a matter of law that the platform constituted an open and obvious hazard, and thus that it had no duty to warn plaintiff of the danger of falling (see Schneider v Corporate Place, LLC, 149 AD3d 1503, 1504 [4th Dept 2017]; Hayes v Texas Roadhouse Holdings, LLC, 100 AD3d 1532, 1533-1534 [4th Dept 2012]; see also Belsinger v M & M Bowling & Trophy Supplies, Inc., 108 AD3d 1041, 1043 [4th Dept 2013]). Defendant also failed to establish as a matter of law that the step was not inherently hazardous, that the height differential was trivial as a matter of law, or that the height differential was not a proximate cause of the fall (see Powers v St. Bernadette's R.C. Church, 309 AD2d 1219, 1219-1220 [4th Dept 2003]). Consequently, we reject defendant's contention that plaintiff was, as a matter of law, the sole proximate cause of the fall (see id.). Defendant's contention that plaintiff fell because he failed to look down is a matter of comparative negligence that does not negate defendant's duty to keep the premises in a safe condition (see id.; see also Schneider, 149 AD3d at 1505). Additionally, although defendant submitted evidence that the platform at issue is [*2]in compliance with the applicable building code, such compliance " 'does not necessarily preclude a jury from finding that the . . . [raised platform] was part of or contributed to any inherently dangerous condition existing in the area of [plaintiff's] fall' " (Bamrick v Orchard Brooke Living Ctr., 5 AD3d 1031, 1032 [4th Dept 2004]; see Belsinger, 108 AD3d at 1042; Hayes, 100 AD3d at 1532). In light of defendant's failure to meet its initial burden on the motion, we do not consider the sufficiency of plaintiff's opposing papers (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court