Welch v Father's House of Rochester, N.Y. (2025 NY Slip Op 01735)

Welch v Father's House of Rochester, N.Y.

2025 NY Slip Op 01735

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, OGDEN, NOWAK, AND KEANE, JJ.

155 CA 24-00027

[*1]CYNTHIA WELCH, PLAINTIFF-RESPONDENT,
v
THE FATHER'S HOUSE OF ROCHESTER, NEW YORK, DEFENDANT-APPELLANT. 

LAW OFFICES OF REINERS & ROSENBERG, GARDEN CITY (MARC A. SHERMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAW OFFICE OF FRANCIS M. CIARDI, ROCHESTER (LORENZO NAPOLITANO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Monroe County (Elena F. Cariola, J.), entered December 12, 2023. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action to recover damages for injuries plaintiff sustained when she fell while descending stairs inside defendant's church, defendant appeals from an order denying its motion for summary judgment dismissing the complaint. We affirm.
Defendant failed to meet its initial burden on the motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Although defendant contends that the stairs did not constitute a dangerous condition, the determination of such an issue "depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (Hayes v Texas Roadhouse Holdings, LLC, 100 AD3d 1532, 1533 [4th Dept 2012] [internal quotation marks omitted]). Defendant submitted the report of plaintiff's expert, who opined that the stairs were inherently dangerous and were not in compliance with applicable building codes for permanent stairways. Defendant also submitted the affidavit of its expert, who opined that the codes cited by plaintiff's expert were inapplicable and that the stairs were in compliance with codes applicable to bleacher stairs. Thus, defendant's own submissions raise an issue of fact as to which section of the code is applicable to the stairs where plaintiff fell. It will be for a jury to decide whether defendant violated the relevant section of the code (see Hartnett v Zuchowski, 175 AD3d 1831, 1832 [4th Dept 2019]; see also Grayson v Hall, 31 AD3d 606, 607 [2d Dept 2006]; Romanowski v Yahr, 5 AD3d 985, 986 [4th Dept 2004]). In any event, "[e]vidence of a defendant's compliance with industry standards, . . . does not establish" that defendant was not negligent (Hayes, 100 AD3d at 1532; see Baity v General Elec. Co., 86 AD3d 948, 950-951 [4th Dept 2011]), and here defendant failed to establish as a matter of law that the stairs were not inherently dangerous (see Hayes, 100 AD3d at 1533; Powers v St. Bernadette's R.C. Church, 309 AD2d 1219, 1219 [4th Dept 2003]).
Defendant also failed to establish that the alleged defect was not a proximate cause of plaintiff's injuries as a matter of law. Although plaintiff may have been comparatively negligent in failing to observe the step or in believing that she had reached the floor when she was still on the stairs, we conclude that, contrary to its contention, defendant failed to establish that plaintiff fell solely due to her own negligence (see Powers, 309 AD2d at 1219-1220). Finally, we note that "defendant improperly contended for the first time in its reply papers that it did not" have notice of the dangerous condition, and that contention was therefore not properly before Supreme [*2]Court (Spacht v County of Chautauqua, 133 AD3d 1335, 1336 [4th Dept 2015]; see Azzopardi v American Blower Corp., 192 AD2d 453, 454 [1st Dept 1993]).
In light of defendant's failure to demonstrate its prima facie entitlement to judgment as a matter of law, the court properly denied the motion regardless of the sufficiency of plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court